### In re VAN HYNING.

1. PHYSICIANS AND SURGEONS — REVOCATION OF LICENSE — SUFFI-
CIENCY OF CHARGES.

>   In proceedings before board of registration in medicine to re-
>   voke physician's license to practice medicine and surgery,
>   charges need not be stated with exactness required of court
>   pleadings, but it is sufficient if they inform defendant with
>   substantial certainty in what manner he has been guilty of
>   unprofessional conduct (2 Comp. Laws 1929, § 6739).

2. SAME.

>   In proceedings to revoke physician's license, written notice re-
>   quiring defendant to appear at certain time and place, and
>   charging him with unprofessional and dishonest conduct in
>   lending his name to one H., who was not licensed to practice
>   medicine, and in having professional connection with H.
>   by assisting him in examining and diagnosing physical condi-
>   tion of one F., on certain date, was sufficiently certain to
>   reasonably inform defendant of what he was required to
>   answer when he appeared at hearing.

3. PUBLIC OFFICERS—ACTS OF DE FACTO OFFICER VALID.

>   Generally, acts of *de facto* officer are to be upheld as valid so
>   far as they involve interests of public and of third persons,
>   or until his title to office is adjudged insufficient.

4. PHYSICIANS AND SURGEONS—QUALIFICATIONS OF BOARD MAY NOT
BE COLLATERALLY ATTACKED.

>   Qualifications of members of board of registration in medicine
>   could not be questioned in proceedings to revoke physician's
>   license, or in any other proceeding to which they were not
>   parties.

5. SAME—PERMISSION TO QUESTION REGULARITY OF APPOINTMENT
OF BOARD MEMBERS PROPERLY REFUSED.

>   Refusal to permit defendant to question regularity of appoint-
>   ment of members of board under 2 Comp. Laws 1929, § 6737,
>   was not prejudicial, since they were *de facto* officers even if
>   some members had been irregularly appointed.

As to notice to physician to appear in proceeding to revoke license,
see annotation in 1 L. R. A. (N. S.) 812.

6. SAME—PRIOR CONVICTION NOT NECESSARY TO REVOCATION OF LICENSE.

> Board is authorized to revoke physician's license for unprofessional and dishonest conduct without necessity of prior conviction in criminal court (2 Comp. Laws 1929, § 6739).

7. SAME—STATUTES—CONSTITUTIONAL LAW—DELEGATING LEGISLATIVE POWER.

> Statute authorizing board to revoke physician's license for unprofessional and dishonest conduct is not unconstitutional as delegating legislative power to board, since "unprofessional and dishonest conduct" is defined in statute, and nothing is left to judgment of board as to what shall constitute cause for revocation (2 Comp. Laws 1929, § 6739, par. 6).

8. SAME—DUE PROCESS OF LAW.

> Proceedings to revoke physician's license satisfied "due process" provision of Constitution, where defendant had notice of time and place of hearing, reasonably definite statement of charges made against him, opportunity to be heard and present his defense before properly authorized body, and fair consideration of evidence with due regard to nature of proceedings.

Appeal by Homer Bailey Van Hyning from action of Michigan State Board of Registration in Medicine revoking his license to practice medicine and surgery. Submitted October 13, 1931. (Calendar No. 35,751.) Affirmed March 2, 1932.

*Wiley, Streeter, Smith & Ford,* for appellant.

*Paul W. Voorhies,* Attorney General, and *Wendell Brown,* Assistant Attorney General, for appellee.

McDONALD, J. The defendant has appealed from an order of the State board of registration revoking his certificate of registration or license to practice medicine and surgery in Michigan. This action was taken after a hearing on the following written charges:

"Violation of section 3, p. 6 of Act No. 237, Pub. Acts of 1899 as amended, 'grossly unprofessional and dishonest conduct' as defined in this section, and in particular with having professional connection with and lending your name to an unlicensed individual in the person of Harry M. Hoxsey, who on March 9, 1931, examined and diagnosed an alleged physical condition in one Otto Fischel. Further that said Harry M. Hoxsey is not licensed to practice medicine in the State of Michigan."

These charges together with a notice to show cause why his certificate of registration should not be revoked or suspended were served on the defendant. At the time and place set for hearing, he appeared with counsel, who first moved to dismiss the proceedings. This motion was renewed at the conclusion of the board's proofs, and again at the close of the hearing. All were denied by the board. After the hearing, the board considered the evidence, and found that the charges had been sustained. The certificate of registration was revoked. The defendant has appealed from the order entered.

The record presents the following questions:

1. Was the notice served on the defendant sufficient to give the board authority to revoke his license?

The notice was in writing. It informed the defendant that he was required to appear at a certain time and place and there show cause why his certificate of registration should not be suspended or revoked. It contained the charges which he was required to answer when he appeared before the board. It is claimed that these charges were not sufficiently specified. It is true that they were not stated as clearly and connectedly as they probably would have been if drafted by a lawyer. In proceedings of this kind it is not necessary that they be

stated with that exactness required of court pleadings. It is sufficient if they inform the defendant with substantial certainty in what manner he has been guilty of unprofessional and dishonest conduct. With the charges as stated in the notice before him, we think the defendant alone or with the assistance of his able counsel found no difficulty in arriving at the conclusion that he was charged with unprofessional and dishonest conduct in lending his name to one Harry M. Hoxsey, who had not been licensed to practice medicine; and in having professional connection with Harry M. Hoxsey by assisting him in examining and diagnosing the physical condition of one Otto Fischel, on March 9, 1931. That was the charge on which he was tried. We think it was stated with sufficient certainty to reasonably inform him of what he was required to answer when he appeared at the hearing.

2. Did the defendant have a hearing before a properly qualified and authorized body?

It is contended by the defendant that the board was without jurisdiction to hear and to determine the charges against him because it was not legally constituted in accordance with 2 Comp. Laws 1929, § 6737, which provides that its membership shall consist of not more than five from the regular school of medicine; not more than two from the homeopathic; not more than two from the eclectic school; and not more than one from the physio-medical school.

As a basis for his objection that the board was not legally constituted, the defendant sought to show by the records and by the individual members to what school of medicine they belonged. He was not permitted to do so. Whatever may have been the purpose of the board in concealing the facts in this

regard, its action was without prejudice to the defendant. He wanted the information for the purpose of making a collateral attack on the regularity of the appointment of certain members. Their disqualifications could not be questioned in a proceeding to which they were not parties. Though some may have been irregularly appointed, they were *de facto* officers, so if he had succeeded in getting the evidence as to their disqualifications, it would have availed him nothing.

"The general rule is that the acts of a *de facto* officer are to be upheld as valid so far as they involve the interests of the public and of third persons, or until his title to the office is adjudged insufficient." 22 R. C. L. § 324, p. 601.

3. Does paragraph 6, § 6739, 2 Comp. Laws 1929, authorize the board to revoke a physician's license for unprofessional and dishonest conduct without the necessity of a prior conviction?

This question was answered in the affirmative contrary to defendant's contention in *Hanson* v. *State Board of Registration*, 253 Mich. 601, and is ruled thereby.

4. Is paragraph 6, § 6739, 2 Comp. Laws 1929, an unconstitutional delegation of legislative power?

It is contended by the defendant that the provision of the statute which gives the State board of registration authority to revoke a physician's certificate to practice medicine on the ground of "unprofessional and dishonest conduct," and defines such conduct as "having professional connection with, or lending one's name to an illegal practitioner," is unconstitutional because it gives the board power to revoke without furnishing it with a definite and certain standard under which to ad-

minister the power. We agree with the defendant that the power to revoke is vested in the legislature and may not be delegated. The board cannot legally be clothed with power to say what acts of professional misconduct shall constitute cause for revoking a physician's license to practice medicine. But the legislature may by statute create a standard of conduct under which it may lawfully act. It is the contention of the defendant that the standard created by the statute in question is so indefinite and uncertain that it leaves to the board the exercise of its own judgment as to causes for revocation of a physician's license. We are unable to agree with this contention. If the statute merely declared that a license should be revoked for "unprofessional and dishonest conduct," it would be open to the objection made by the defendant. But it goes farther, and defines "unprofessional and dishonest conduct" to be "having professional connection with, or lending one's name to an illegal practitioner." There is nothing indefinite about this definition. It leaves nothing to the judgment of the board as to what shall constitute cause for revocation, and definitely enough informs the defendant in advance what acts of professional misconduct may bring about a forfeiture of his license to practice medicine. No more is necessary to satisfy the constitutional requirements.

5.    Did the proceedings taken by the board in revoking defendant's license to practice medicine constitute due process of law?

The constitutional requirements are satisfied if the defendant had notice of the time and place of hearing; a reasonably definite statement of the charges made against him; an opportunity to be heard and present his defense before a properly

authorized body; and fair consideration of the evidence with due regard to the nature of the proceedings.

All of these privileges were accorded to the defendant. He was represented by able counsel, who examined and cross-examined the witnesses and was given reasonable opportunity to present the facts of his defense. He challenges the fairness of the board, and vigorously criticizes its so-called arbitrary conduct on the hearing. We pass these criticisms without further comment in view of the fact that there was competent evidence to support its findings.

No other questions require discussion. The judgment is affirmed.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.