MICHIGAN STATE BOARD OF REGISTRATION IN MEDICINE
v. WICKER.

1. PHYSICIANS AND SURGEONS—DRUGLESS HEALERS—LICENSES—NO-
TICES—REVOCATION.

Revocation of license to practice as a drugless healer on ground
that defendant was guilty of unprofessional conduct in ad-
vertising of grossly improbable statements *held*, not sustain-
able where record indicates that until after hearing was con-
cluded and case was taken under advisement defendant was in
no way advised he was so charged (2 Comp. Laws 1929, § 6739,
subd. 3).

2. SAME—DRUGLESS HEALERS—LICENSES—NOTICES—EVIDENCE—IN-
DEFINITE ALLEGATIONS.

Charge in notice to show cause why license to practice as drug-
less healer should not be revoked because defendant had ex-
ceeded and violated terms and conditions under which he was
licensed to practice by administering treatments not within the
scope of his license *held*, unsupported by testimony and too
indefinite (2 Comp. Laws 1929, § 6739, subd. 3).

3. SAME—REVOCATION OF LICENSES—SUFFICIENCY OF CHARGES.

In proceedings before board of registration in medicine to revoke
license to practice as a drugless healer charges need not be
stated with exactness required of court pleadings, but it is
sufficient if they inform defendant with substantial certainty
in what manner he has been guilty of unprofessional and dis-
honest conduct (2 Comp. Laws 1929, § 6739).

4. SAME — REVOCATION OF LICENSES — UNPROFESSIONAL AND DIS-
HONEST CONDUCT—USE OF TERM "DOCTOR" BY DRUGLESS HEALER
—STATUTES.

Revocation of license to practice as a drugless healer because
licensee had used term "doctor" or an abbreviation thereof
in violation of statute *held*, unauthorized, where use of such
term by those unauthorized to use it is not specifically set

forth in statute among enumerated things which constitute "unprofessional and dishonest conduct" that may be grounds for revocation of license and board of registration in medicine being a statutory body has only such powers as are granted by statute (2 Comp. Laws 1929, § 6739, subd. 6).

Appeal from Michigan State Board of Registration in Medicine. Submitted May 25, 1937. (Calendar No. 39,286.) Decided June 29, 1937.

Michigan State Board of Registration in Medicine issued an order to show cause why license of William Wicker to practice drugless healing should not be revoked. Defendant reviews order revoking license by appeal in the nature of certiorari. Reversed.

*Raymond W. Starr,* Attorney General, *Edmund E. Shepherd* and *Andrew DeMaggio,* Assistants Attorney General, for State Board of Registration in Medicine.

*U. S. A. Heggblom,* for defendant.

NORTH, J. This is an appeal in the nature of certiorari to review the action of the State board of registration in medicine in revoking defendant's license to practice as a "drugless healer."

In 1924 defendant was granted a license by the Michigan State board of registration in medicine as provided in 2 Comp. Laws 1929, § 6739, subd. 3, reading as follows:

"The board is authorized to issue a license or certificate of registration to any person who desires to practice a system of treatment of human ailments or diseases, and who does not in such treatment use drugs or medicines, internally or externally. * * *

A practitioner under this subdivision shall not be permitted to use in any form the title of 'doctor' or 'professor' or any of their abbreviations.''

A notice was served on defendant requesting him to appear before the board on June 10, 1936, and show cause why the license issued to him to practice drugless healing should not stand revoked or suspended for a limited time because of his having used the title ''doctor;'' for having issued and mailed on, to-wit, September 2, 1935, a communication and distributed cards upon which the title ''Dr.'' appears; for having exceeded and violated the terms and conditions under which he was licensed to practice by administering treatments not within the scope of the authority conferred by said license, specifically in the case of one Otto Fischel and also of other persons at divers times; and for having' on the, to-wit, 5th day of August, 1935, represented himself to be qualified to practice medicine.

Defendant appeared with his counsel. He was the only witness produced and at the time he was called to testify his counsel consented to his giving testimony. The use of the term ''doctor'' was admitted by defendant's counsel and it was also admitted that defendant had distributed and circulated letters and cards referring to himself as ''Dr. Wm. Wicker.''

The testimony shows that plaintiff is an ordained minister of the Christian Spiritualist Association; that his healing methods are both religious and drugless healing; that his drugless healings were performed by manipulation of the muscles and nerves of the body. Much of the rest of the defendant's testimony is taken up with examination as to his qualifications to diagnose and treat various diseases enumerated in a circular letter issued by defendant. Defendant's counsel offered numerous objections to

this testimony on the ground that the charges pre-
ferred did not involve a determination of defend-
ant's learning or professional skill and therefore
such inquiry was beyond the scope of this hearing,
but the testimony was taken over his objection.

After taking defendant's testimony the hearing
was concluded and the matter taken under advise-
ment.   No objection was raised by defendant's
counsel to the fact that other witnesses were not
produced.   The State board of registration found
William Wicker guilty of:  1.  Using the title "Dr.,"
representing himself as a physician; 2.  Advertising
of grossly improbable statements; 3.  Failing to limit
his practice to the scope of authority conferred; and
an order was entered that his license stand revoked.
On appeal from such order of the State board of
registration in medicine defendant reviews by writ
of certiorari in this court.

The notice served upon defendant did not contain
a charge that he was guilty of the "advertising of
grossly improbable statements."   Some testimony
was taken which might be held sufficient to establish
a charge of this character had it been made against
defendant.   But in reasonable fairness to one cited
to appear and answer specific charges, he should not
be charged with one type of misconduct and on hear-
ing be convicted of another and wholly different type
of misconduct not contained within the charges made
and served upon him.   In the instant case it is a fair,
and perhaps a necessary, construction of the record
that, until after his hearing was concluded, the case
taken under advisement and the adverse ruling made
against him, defendant was in no way advised that
he was charged with unprofessional conduct in "ad-
vertising of grossly improbable statements."   For

this reason revocation of his license on this ground cannot be sustained.

The notice served upon defendant charged him with having exceeded and violated the terms and conditions under which he was licensed to practice by administering treatments not within the scope of his license. As to this portion of the charge it may first be noted that it is not sustained by any testimony and, secondly, (as is contended by defendant's counsel) it is too indefinite to be used as the basis of a lawful hearing of this character.

"In proceedings of this kind it is not necessary that they be stated with that exactness required of court pleadings. It is sufficient if they inform the defendant with substantial certainty in what manner he has been guilty of unprofessional and dishonest conduct." *In re Van Hyning*, 257 Mich. 146.

"The person charged is at least entitled to: * * * A reasonably definite statement of the charge or charges preferred against the accused." *Hanson* v. *Michigan State Board of Registration in Medicine*, 253 Mich. 601.

Careful review of this record shows the only charge established against defendant which is sufficiently stated in the notice served upon him was that he unlawfully used the title "Dr." As hereinbefore noted, such use was admitted. But appellant contends (as he did at the hearing before the board) that it was not within the scope of the authority of the board to revoke or suspend his license for this improper use of the term "doctor" or abbreviation "Dr.," notwithstanding the provision of the statute above quoted. This contention is based upon the specific provisions found in the sixth subdivision of 2 Comp. Laws 1929, § 6739, which in part reads as follows:

"The board of registration of medicine may refuse to issue or continue a certificate of registration or license provided for in this section, to any person guilty of grossly unprofessional and dishonest conduct. The words 'unprofessional and dishonest conduct,' as used in this act, are hereby declared to mean:" and here are added nine subdivisions (a to i, inclusive) defining the specific things which within the terms of the statute, constitute "unprofessional and dishonest conduct."

In this manner the statute governing the power of the board has provided express limitations. Beyond such express limitations the board has no power to discipline. A reading of the statute, which we have not quoted in full, will disclose that neither expressly nor by fair implication can the improper use of the word "doctor" or the abbreviation "Dr." be found to be included in any of the subdivisions of the statute defining and limiting what constitutes "unprofessional and dishonest conduct." It follows that the board, which is a purely statutory body having only statutory powers, was without authority to suspend or revoke defendant's license because of his improper use of the word "doctor" or the abbreviation "Dr."

We attach no significance to the fact that defendant, who was voluntarily sworn and testified, was the only witness produced upon the hearing; nor are we of the opinion that there is any merit to appellant's claim that his testimony was taken under duress. It is unnecessary to give consideration to other questions raised by appellant.

The order of the board of registration in medicine revoking defendant's license is set aside and held for naught. Costs to appellant.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.