CLARK *v*. STATE BOARD OF REGISTRATION IN MEDICINE.

1. APPEAL AND ERROR—BRIEF AND APPENDIX—MOTION TO STRIKE—PREJUDICE.

Plaintiff's motion to strike certain statements from brief and appendix of attorney general is denied, where they relate to matters that are not of controlling significance insofar as the issues are presented in his appeal from revocation of license to practice medicine and appellant has not been prejudiced by such statements (CL 1948, § 338.51 *et seq.*, as amended).

2. PHYSICIANS AND SURGEONS—REVOCATION OF LICENSE—CROSS-EXAMINATION.

Appellant, whose license to practice was revoked by State board of registration in medicine, *held*, not to have been prejudiced by assistant attorney general's interruption of plaintiff's counsel in latter's cross-examination of the complaining witness, where it does not appear that the interruptions were inspired by any improper motive and were occasioned by reason of irrelevancy of the questions asked and were apparently made in the belief that the cross-examination should be kept within proper bounds (CL 1948, § 338.51 *et seq.*, as amended).

3. SAME — REVOCATION — HEARING — CROSS-EXAMINATION — PREJUDICE — EVIDENCE.

Finding of circuit judge that claim appellant had been denied due process of law because of occasional interruptions of his counsel's cross-examination of the complaining witness at revocation hearing, or by prejudice on the part of the board members or any of them, had not been substantiated on judicial review of the board's action *held*, supported by record that showed, among other things, that the board had previously undertaken to restore his license subject to a condition apparently intended for his benefit (CL 1948, § 338.51 *et seq.*, as amended).

REFERENCES FOR POINTS IN HEADNOTES
[3, 4, 6]  41 Am Jur, Physicians and Surgeons §§ 58–61.
[5]  41 Am Jur, Physicians and Surgeons § 58.

4. SAME—REVOCATION OF LICENSES—CREDIBILITY OF WITNESSES—
QUESTION FOR BOARD.

> The credibility of witnesses appearing before the State board
> of registration in medicine in a proceeding to revoke the
> license of a practitioner is primarily a matter to be determined
> by the board members, especially where there is an issue of
> fact as to whether or not he was guilty of conduct highly
> improper and indecent in character, and involving moral
> turpitude (CL 1948, § 338.51 *et seq.*, as amended).

5. SAME—REVOCATION OF LICENSE—CONVICTION OF CRIMINAL OF-
FENSE.

> The conviction of a criminal offense in a court of competent
> jurisdiction is not essential to the right to revoke a license to
> practice medicine (CL 1948, § 338.51 *et seq.*, as amended).

6. SAME—REVOCATION OF LICENSE—DUE PROCESS—OVERWHELMING
WEIGHT OF EVIDENCE.

> Licensee to practice medicine was not denied the essentials of
> due process in proceeding to revoke his license merely because
> the State board of registration in medicine accepted testimony
> of the complaining witness as to misconduct, denied by licensee,
> the decision of the board to revoke being within its authority
> and not arbitrary nor contrary to the overwhelming weight of
> the evidence (CL 1948, § 338.51 *et seq.*, as amended).

Appeal from Ingham; Hughes (Sam Street), J.
Submitted June 13, 1962. (Docket No. 51, Calendar
No. 49,454.) Decided September 7, 1962.

Petition by Ronald E. Clark against the Michigan
State Board of Registration in Medicine for judicial
review of decision revoking license to practice med-
icine and surgery. Order of board upheld. Plaintiff
appeals. Affirmed.

*Abel J. Selburn* and *Norman L. Zemke,* for plain-
tiff.

*Frank J. Kelley,* Attorney General, *Eugene Kra-
sicky,* Solicitor General, and *Myron A. McMillan,*
Assistant Attorney General, for defendant.

CARR, C. J.   Plaintiff and appellant was granted a license by defendant board to practice medicine in this State. Said license was issued July 6, 1943, and was revoked by defendant on February 28, 1956. The reasons for such revocation are not of controlling significance insofar as the issues presented in the pending proceeding are concerned. For such reason appellant's motion to strike certain statements from the brief and appendix filed by the attorney general is denied. Appellant has not been prejudiced thereby.

Approximately 1 year after such revocation defendant restored appellant's license, undertaking to subject such action to the observance of the following statement in the order:

"Provided that, you continue under the care and treatment of a qualified psychiatrist with said psychiatrist to furnish this board with a report of progress semiannually."

On July 12, 1958, the board entered an order, without a hearing, revoking appellant's license. Thereupon suit was instituted in the circuit court for the county of Ingham for injunctive relief. Following a hearing, an opinion was filed by the circuit judge summarizing prior proceedings and concluding that defendant board should conduct a full hearing on a definite statement of charges preferred against appellant, and the case was remanded to the board for such purpose.

In accordance with the direction of the circuit court the defendant served written notice on appellant that a hearing would be had before the board on the 15th day of October, 1959, "to determine whether your license to practice medicine in the State of Michigan should be revoked." The notice further advised appellant that the question to be determined at the hearing was whether his conduct

toward a certain named woman in his office, on or about May 16, 1958, constituted unprofessional and dishonest conduct within the meaning of the statute under which the hearing was had. Pursuant to a request for a more specific notice as to the issue involved, appellant was further advised that the charge against him involved the taking of indecent liberties with the person of the woman named, and that such an act would constitute an offense involving moral turpitude.

The hearing as noticed was held before the board and the woman named in said notice. testified that appellant made advances to her of such character as to constitute conduct that may properly be classified as indecent in nature, indicating a lack of emotional control on the part of the appellant. Appellant denied the conduct charged against him and offered testimony, negative in character, tending to support his denial. The members of the board, however, accepted the sworn testimony of the complaining witness and decided that appellant had engaged in conduct of such character as to involve moral turpitude, and gross unprofessional and dishonest conduct within the meaning of section 3 of the controlling statute* (PA 1959, No 142 [CLS 1956, § 338.53, Stat Ann 1961 Cum Supp § 14.533]). An order was entered accordingly revoking appellant's license and directing that it be returned to the board forthwith.

Following such order a petition for review was filed in Ingham county circuit court under the provisions of PA 1952, No 197, as amended.† The trial judge hearing the matter filed a written opinion sustaining the action of the defendant board in

---

* PA 1899, No 237, as amended (CL 1948 and CLS 1956, § 338.51 et seq., as amended [Stat Ann 1956 Rev and 1961 Cum Supp § 14.531 et seq.]).

† CLS 1956, § 24.101 et seq. (Stat Ann 1961 Rev § 3.560[21.1] et seq.).

the revocation of the license. In said opinion the circuit judge rejected the claims of the appellant that he was denied due process of law in the hearing and that the findings of fact by the board were contrary to the great weight of the evidence. The claim that members of the board were prejudiced against appellant was declared to be not sustained by the record. From the order as entered an appeal has been prosecuted to this Court.

Counsel for appellant argue that he was denied due process of law in that they were not allowed the full and free exercise of the right of cross-examination of the complaining witness, and assert further that the evidence was not given fair consideration because of prejudice on the part of the board members. At the hearing an assistant attorney general appeared as counsel for the board. He made objection to certain questions asked of the complaining witness by counsel for appellant on the ground that the matters involved were not relevant to any issue in the case. We are not impressed that appellant was prejudiced by the conduct of counsel. It does not appear that the interruptions of the cross-examination were inspired by any improper motive. Apparently the assistant attorney general deemed it to be his duty to object to irrelevant testimony, and believed that the cross-examination should be kept within proper bounds.

We do not find any substantial basis for the claim that members of the board were prejudiced against appellant, and that because of their attitude they did not give fair consideration to the proofs. The members of the board were acting in their official capacity. The fact that they undertook to restore appellant's license in 1957, subject to a condition apparently intended for his benefit, is scarcely consistent with the claim now made. We agree with the finding of the circuit judge that the record does

not support the claim that appellant was not afforded due process of law on the hearing before the board because of occasional interruptions of his counsel's cross-examination of the complaining witness, or by prejudice on the part of the board members or any of them.

The credibility of the witnesses appearing before the defendant board on the hearing was primarily a matter to be determined by the board members. If the complaining witness testified truthfully the conclusion might well be drawn that appellant was guilty of conduct highly improper and indecent in character, and involved moral turpitude. He denied the conduct charged against him, and hence the issue was squarely presented whether he was guilty thereof. The board determined that issue, as it had a right to do. Conviction of a criminal offense in a court of competent jurisdiction was not essential to the right to revoke the license. *Hanson* v. *Michigan State Board of Registration in Medicine,* 253 Mich 601, 608. In the case cited this Court held that in a proceeding to review the revocation of a license granted to a medical practitioner the board's finding of facts based on competent evidence is binding upon the court. The opinion also discussed the essentials of due process. Measured by the tests applied in that case it must be said that there was no denial of due process in the proceeding now before us. In *In re Van Hyning,* 257 Mich 146, this Court sustained the revocation of a license of a physician to practice medicine and surgery on the ground that there was competent evidence to support the findings. There, as in the case at bar, the objections made were based on alleged unfairness on the part of members of the board, and the conduct of the hearing was characterized by counsel as "arbitrary."

As before indicated, the board was well within its rights in accepting as correct the testimony of the complaining witness, notwithstanding that such testimony was denied by appellant and that 2 witnesses produced by him, one his employee and the other admittedly having impaired hearing, claimed that they did not see or hear any indication of the incident on which the charge leading to revocation of license was based. It may not be said, as counsel for appellant argue, that the factual findings of the board were "contrary to the overwhelming weight of the evidence." Our review of the record satisfies us that the claims made on behalf of appellant are not supported by the record before us, that the defendant board had the requisite authority to revoke the license, and that the order entered by the circuit court of Ingham county should be affirmed. An order will enter accordingly, with costs to appellee.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., did not sit.