Walter M. TURNER, Commissioner, Kentucky Department of Workers' Claims Tara Aziz, Judy Houston, Lee Ann Tramontin, Betsy Peters, Stephen Roth, John Labreche, Paula Hampton, Ingrid Bowling, Dianna Wood, and Paul Stodgill, Movants,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 97–SC–757–KB.

Supreme Court of Kentucky.

Dec. 17, 1998.

Stephen B. Cox, General Counsel, Department of Workers' Claims, Frankfort, for Movants.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Frankfort, William E. Johnson, Johnson, Judy, True & Guarnieri, LLP, Frankfort, for Respondent.

LAMBERT, Chief Justice.

We have been called upon to decide whether non-lawyer "workers' compensation specialists" in the Kentucky Department of Workers' Claims may assist ill or injured workers in processing their claims and, if so, what type and degree of assistance the specialists may offer. To resolve this issue, we must first determine whether KRS 342.320(9) is a legislative trespass upon judicial authority, in violation of the separation of powers provisions of the Constitution of Kentucky. *See* KY. CONST. §§ 27, 28, 116. We must then determine whether specific tasks performed by workers' compensation specialists, as outlined in KRS 342.329(1)(a)–(e), are permissible paralegal duties or whether the performance of these tasks by non-attorneys constitutes the unauthorized practice of law. *See* KRS 524.130 (which prohibits the unauthorized practice of law).

## I. BACKGROUND

This case arose from the extensive reform of Kentucky's workers' compensation system, which included undertakings to make the claims resolution process less dependent on litigation and rely more on informal administrative proceedings. In 1994, the General Assembly enacted KRS 342.329, which established an ombudsman program within the Kentucky Department of Workers' Claims (hereinafter Department). In December 1996, in an extraordinary session, the General Assembly amended KRS 342.329. The amendment expanded the services offered by the Department of Workers' Claims information personnel and established a new job classification, workers' compensation specialist. As amended, the statute provides:

(1) The commissioner shall establish a Division of Ombudsman and Workers' Compensation Specialist Services. The functions of the division shall include:

(a) Serving as an information source for employees, employers, medical, vocational, and rehabilitation personnel, carriers, and self-insurers;

(b) Responding to inquiries and complaints relative to the workers' compensation program;

(c) Advising all parties of their rights and obligations under this chapter;

(d) Assisting workers in obtaining medical reports, job descriptions, and other materials pertinent to a claim for benefits and preparing all documents necessary for a claim application; and

(e) Performing other duties as required by the commissioner through administrative regulations promulgated by the commissioner.

KRS 342.329(1)(a)–(e). The only new job duties added by the 1996 amendment are those appearing in subsection (d). In addition to the foregoing, in 1996, the General Assembly passed another statute which stated that

Notwithstanding any provisions of law to the contrary, the provisions of this chapter

shall not be construed or interpreted to prohibit nonattorney representation of injured workers covered by this chapter. KRS 342.320(9).

As a result of the 1996 legislation, the Kentucky Bar Association (hereinafter KBA) received inquiries whether the 1996 amendments authorize unqualified persons to engage in the practice of law. The KBA Board of Governors referred the matter to its Unauthorized Practice of Law Committee of the KBA. Following the Committee's report, the KBA Board of Governors adopted KBA U–52 as a formal advisory opinion. *See* SCR 3.530(2). This opinion addressed KRS 342.320(9) and KRS 342.329(1)(c)–(d), and held that 1) non-lawyers may not represent parties before the Department, and 2) non-lawyers may not serve as workers' compensation specialists for the Department. KBA U–52 concluded that the duties assigned the non-attorney workers' compensation specialists would be duties normally performed by an attorney and would therefore constitute the unauthorized practice of law.

Following the release of this advisory opinion in the Summer 1997 issue of *Bench and Bar*, the official publication of the KBA, the Commissioner of the Department and ten individuals employed as workers' compensation specialists requested that this Court review KBA U–52 pursuant to SCR 3.530(5). Prior to review of KBA U–52, we must examine KRS 342.320(9) for constitutional defects and also determine whether the specialists' job duties are consistent with those duties authorized to be performed by paralegals.

## II. CONSTITUTIONALITY OF KRS 342.320(9)

■ The first issue to be addressed is whether KRS 342.320(9) violates the constitutional principle of separation of powers. This statutory provision states:

Notwithstanding any provisions of the law to the contrary, the provisions of this chapter shall not be construed to prohibit non-attorney representation of injured workers covered by this chapter.

KRS 342.320(9). Although phrased in the negative, KRS 342.320(9) clearly authorizes non-lawyers to represent injured workers, employers, and insurance carriers in proceedings before the Department and prohibits any construction to the contrary. As a result of the statute, the workers' compensation specialists, in the performance of their statutory duties, are exempt from criminal sanctions for the unauthorized practice of law. *See* KRS 524.130. And as the Supreme Court has no regulatory control over nonattorneys, specialists would provide legal representation without being subject to the professional standards applied to lawyers. The determinative constitutional issue, therefore, is whether the legislature exceeded its authority by enacting KRS 342.320(9), a statute that infringes upon the power of the judicial branch.

The separation of the legislative and judicial branches of government is mandated by sections 27, 28, and 116 of the Constitution of Kentucky. Section 27 provides that the powers of government shall be divided between three distinct bodies: legislative, executive, and judicial. Section 28 forcefully articulates the bedrock separation of powers principle that "No person or collection of persons, being of one of those departments, shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted." Section 116, enacted as part of the Judicial Article effective January 1, 1976, states in relevant part that the "Supreme Court shall have the power to prescribe ... rules of practice and procedure for the Court of Justice."

Longstanding decisional law supports the exclusive authority of the Supreme Court to promulgate the rules of legal practice and procedures. This authority was clearly articulated in *Hobson v. Kentucky Trust Co.,* 303 Ky. 493, 197 S.W.2d 454, 457 (1946):

The making of rules of practice in courts, as well as out of courts, in matters pertaining to the rights of individuals under the law, is inherently possessed by courts and judges, in carrying out the functions of persons as between each other and as between them and the government. Such authority is universally accepted by the courts as properly embraced within the Judicial Department of the government.

Similarly, in *Ratterman v. Stapleton*, Ky., 371 S.W.2d 939, 941 (1963), the court stated:

The right to prescribe such rules as are necessary to qualify, regulate, and control attorneys as officers of the court is a right of self-preservation inherent in the court and is not derived from or dependent upon any act of the Legislature or any express provision of the Constitution.[1]

As summarized in *Ex Parte Auditor of Public Accounts*, Ky., 609 S.W.2d 682, 688 (1980),

The correct principle, as we view it, is that the legislative function cannot be so exercised as to interfere unreasonably with the functioning of the courts, and that any unconstitutional intrusion is *per se* unreasonable, unless it be determined by the court that it can and should be tolerated in a spirit of comity.

Undoubtedly, the separation of powers principles strictly prohibit the legislature from infringing upon the judiciary's exclusive power to make rules governing the practice of law, court procedures, and any exceptions thereto.

In the case at bar, the legislature has authorized non-attorneys in the Department to act as legal representatives in workers' compensation cases. This is not within its purview. The legislature has no power to make rules relating to the practice of law or create exceptions to the settled rules of this Court. Thus KRS 342.320(9) is unconstitutional.

■ We have not overlooked the principle of comity. However, KRS 342.320(9) is not the type of statutory provision this Court should accept, despite its unconstitutionality, based upon considerations of comity. For this Court to extend comity, the statute must be a " 'statutorily acceptable' substitute for current judicially mandated procedures." *Foster v. Overstreet*, Ky., 905 S.W.2d 504, 507 (1995) (*citing Drumm v. Commonwealth*, Ky., 783 S.W.2d 380 (1990); *Gaines v. Commonwealth*, Ky., 728 S.W.2d 525 (1987)). KRS 342.320(9) is not a 'statutorily acceptable' substitute for current procedures. Instead, it represents an attempt to change the fundamental nature of legal practice to include persons who are not qualified to practice law, who are not required to meet professional licensing standards, and who are not subject to the disciplinary authority of this Court. Despite our respect for the legislative branch of government, we cannot grant comity to a statute that grants non-lawyers the right to practice law.

## III. THE WORKERS' COMPENSATION SPECIALISTS

■ The next issue is whether the duties performed by the workers' compensation specialists are consistent with guidelines set by this Court for permissible duties of paralegals or whether those duties constitute the unauthorized practice of law.

Workers compensation specialists may perform duties that do not involve the practice of law as defined by SCR 3.020 and that are consistent with SCR 3.700. This Court has defined the practice of law as

any service rendered involving legal knowledge or legal advice, whether of representation, counsel or advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities, or business relations of one requiring the services.

SCR 3.020. The Court has also promulgated guidelines relating to the employment and duties of paralegals:

a paralegal is a person under the supervision and direction of a licensed lawyer, who may apply knowledge of the law and legal procedures in rendering direct assistance to lawyers engaged in legal research; design, develop or plan modifications or new procedures, techniques, services, processes or applications; prepare or interpret legal documents and write detailed procedures for practicing in certain fields of law; select, compile and use technical information from such references as digests, encyclopedias or practice manuals; and analyze and follow procedural problems that involve independent decisions.

SCR 3.700, *Preliminary statement.* The fundamental qualification of the performance

---

1. The right to prescribe rules of court is now expressly provided for in section 116 of the Kentucky Constitution, enacted after the *Ratterman* opinion was rendered.

of these duties is that the paralegal must work under the supervision and direction of a licensed lawyer.

The KBA contends that two specific subsections of KRS 342.329 authorize workers' compensation specialists to perform duties that should only be undertaken by licensed attorneys. The statutory duties the KBA takes issue with are:

(c) Advising all parties of their rights and obligations under this chapter; and

(d) Assisting workers in obtaining medical reports, job descriptions, and other materials pertinent to a claim for benefits and preparing all documents necessary for a claim application.

KRS 342.329(1)(c)–(d). To properly consider the KBA's contention, it is necessary to review not only these statutorily authorized duties, but also the actual practices of workers' compensation specialists. The duties of a specialist begin with the fielding of a telephone call. The Department provides an 800 telephone line for insurance carriers, employees, employers, medical providers, and attorneys to call for information on workers' compensation laws and procedures. Prospective claimants are told in the beginning of the conversation that the specialist is neither an advocate nor an attorney. Every case is documented on a "request for assistance" form. In current practice, an attorney, presently Cathy Costelle, supervises the specialists. While Ms. Costelle is not usually present during these telephone conversations, she reviews each request form for accuracy and legal sufficiency. Her knowledge would be necessarily limited to the content of the assistance form.

A primary responsibility of a specialist is to mediate the dispute so that a filed claim will not be necessary. If mediation does not resolve the problem, the claimant is advised of his or her right to file a claim either *pro se* with the assistance of the specialist, or through private counsel. If the claimant elects to utilize the specialist's aid in preparation of Form 101, the application is reviewed by Ms. Costelle prior to signature by the claimant and filing. Specialists are allowed to assist the *pro se* claimants at arbitration, a procedure that normally does not require the

cross-examination of witnesses or presentation of legal arguments as is typical in adversarial proceedings. After the informal arbitration proceeding, there is a right of appeal to an administrative law judge for a *de novo* hearing under courtroom conditions at which representation by an attorney is required.

Most of the tasks performed by the specialist are procedural and administrative in nature. SCR 342.329(1)(a)–(e), *supra* p. 2. These tasks do not require any interpretation or analysis of the law, and they are precisely the type of duties authorized by SCR 3.700. Additionally, each call to a specialist is documented, and the documentation is reviewed by a supervising attorney, the chief specialist. Although the chief specialist is not required by statute to be an attorney, in practice it is imperative for this person to be a qualified attorney who can properly supervise the non-attorney specialists just as any other attorney takes supervisory responsibility for any paralegal employees pursuant to SCR 3.700. Although the statutory scheme does not require an attorney as chief specialist and supervisor, in practice such hierarchy has been implemented, and but for what appears to be settled policy to keep an attorney as chief specialist, our opinion might well be different. Therefore, in dispensing information via the telephone, by completing the "request for assistance" forms, by mediating disputes, and by assisting claimants in filling out their claim forms, while under the direct supervision of an attorney who shall be responsible for their conduct, specialists do not engage in the unauthorized practice of law. Thus, subject to the qualifications set forth herein, we hold that non-lawyers may serve as workers' compensation specialists and overrule the part of KBA U–52 that holds to the contrary.

■ On the other hand, we agree with the conclusion in KBA U–52 that non-lawyers may not represent parties before the Department. Legal representation by a lay person before an adjudicatory tribunal, however informal, is not permitted by SCR 3.700, as such representation involves advocacy that would constitute the practice of law. The swift and expeditious resolution of claims is of importance to the efficient functioning of

Kentucky's workers' compensation system. The use of non-attorney personnel, such as workers' compensation specialists, is acceptable as a means to facilitate communication and to resolve simple disputes, provided an attorney supervisor oversees the work of non-attorney personnel in the resolution of these simple cases. Yet when representation before a tribunal is required, this Court has a duty to ensure that such representation is from a individual with a court-mandated duty of loyalty to the client and one who must comply with the Rules of Professional Conduct. SCR 3.130, *et seq.* The authority of an attorney supervisor can not meet the required standard.

### IV. CONCLUSION

For the foregoing reasons, the advisory opinion issued by the KBA Board of Governors, designated as KBA U-52, is hereby affirmed in part and reversed in part. Workers' compensation specialists who are not attorneys may process claims, as long as their work is supervised by a licensed attorney. However, such specialists may not represent parties before any adjudicative tribunal.

All concur, except GRAVES, J., not sitting.

ENTERED: December 17, 1998.

/s/ Joseph E. Lambert
Chief Justice