RENDERED: MARCH 24, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0082-DG

CABINET FOR HEALTH AND FAMILY             APPELLANTS
SERVICES, DEPARTMENT FOR
MEDICAID SERVICES; ERIC
FRIEDLANDER, IN HIS OFFICIAL
CAPACITY AS SECRETARY OF THE
CABINET FOR HEALTH AND FAMILY
SERVICES; AND LISA LEE, IN HER
OFFICIAL CAPACITY AS
COMMISSIONER OF THE
DEPARTMENT FOR MEDICAID
SERVICES

                 ON REVIEW FROM COURT OF APPEALS
V.                     NO. 2020-CA-0684
            FRANKLIN CIRCUIT COURT NO. 19-CI-01082

APPALACHIAN HOSPICE CARE, INC.             APPELLEE

**OPINION OF THE COURT BY JUSTICE NICKELL**

**<u>AFFIRMING</u>**

On petition of the Cabinet for Health and Family Services, Department

for Medicaid Services; Eric Friedlander, in his official capacity as Secretary of

the Cabinet for Health and Family Services; and Lisa Lee, in her official

capacity as Commissioner of the Department for Medicaid Services, we granted

discretionary review of an opinion of the Court of Appeals affirming the

Franklin Circuit Court's decision to overturn a final order of the Secretary

dismissing an administrative action against Appalachian Hospice Care, Inc. The question presented in this appeal centers on whether the Secretary correctly concluded a non-lawyer's request for an administrative hearing on behalf of a corporate entity constitutes the unauthorized practice of law requiring dismissal of the administrative action. The circuit court and Court of Appeals held it does not. Discerning no error, we affirm.

Kentucky's Medicaid program is administered by the Cabinet which is responsible for recovering overpayments made to providers of Medicaid services. In 2017, the Cabinet informed Appalachian Hospice a review of payments from 2010 through 2014 revealed an overpayment of $176,807.14. After Appalachian Hospice disputed the overpayments and provided additional documentation, the Cabinet undertook a further review. In a subsequent letter, the Cabinet notified Appalachian Hospice the alleged overpayment had been reduced to $106,985.82, and advised an administrative hearing could be requested if Appalachian Hospice desired to challenge the reduced amount.

Thereafter, Appalachian Hospice's CEO, Sharon Branham, sent a two-sentence letter to the Cabinet requesting an administrative hearing.[1] On May 16, 2018, a hearing officer entered an order scheduling a prehearing conference. The order also indicated that since Appalachian Hospice was a corporation, Kentucky law required an attorney to enter an appearance to

---

[1] Throughout the recoupment process, the Cabinet had dealt directly with Branham and no attorney had appeared on behalf of Appalachian Hospice. It is undisputed Branham is not an attorney and Appalachian Hospice does not employ in-house counsel.

represent its interests before an administrative tribunal. Appalachian Hospice retained counsel, the matter proceeded as normal, and an administrative hearing was scheduled for February 25-27, 2019.

Two and a half months after entry of the scheduling order, on January 15, 2019, the Cabinet claimed because Branham was not an attorney, her request for an administrative hearing on Appalachian Hospice's behalf was improper and constituted the unauthorized practice of law. Further, the Cabinet asserted since the request was invalid, jurisdiction to hear the matter had not been properly invoked and dismissal was the only appropriate action. Appalachian Hospice opposed the motion asserting no statute, regulation, or practice required a request for hearing be filed by an attorney, dismissal of the action would violate due process, and the mere penning of a letter requesting an administrative hearing did not constitute the unauthorized practice of law. Accepting the Cabinet's position, the Secretary entered a final order on September 15, 2019, dismissing Appalachian Hospice's administrative appeal.

On appeal, the Franklin Circuit Court reversed the Secretary upon concluding that making a request for an administrative hearing was not equivalent to the practice of law; determining the Cabinet should be estopped from seeking dismissal based on its own failure to inform Appalachian Hospice of the need for an attorney to file the request; and taking judicial notice the Cabinet had never before taken the position asserted in the instant litigation. The Cabinet appealed the unfavorable ruling to the Court of Appeals.

3

In a well-reasoned opinion, the Court of Appeals reviewed in detail the authorities cited in support of the Cabinet's position, concluded all were easily distinguishable, and determined writing and sending the letter seeking an administrative hearing was something any literate adult could do without the necessity of specialized legal knowledge or the giving of any legal advice. The request did not constitute a pleading filed with a court and did not require knowledge of the rules of court, but merely requested to continue an ongoing administrative action first initiated by the Cabinet. Thus, the Court of Appeals held Branham had not engaged in the practice of law and affirmed the Franklin Circuit Court. We granted discretionary review.

When a question of law arises out of an administrative hearing, appellate review is conducted de novo. *Aubrey v. Off. of the Att'y Gen.*, 994 S.W.2d 516, 519 (Ky. App. 1998). In this case, the sole issue presented to this Court is whether a request for an administrative hearing by a non-attorney on behalf of his corporate employer constitutes the unauthorized practice of law, thereby warranting dismissal of the administrative proceedings.[2] We conclude it does not.

As it did below, the Cabinet contends Branham's request on behalf of Appalachian Hospice for an administrative hearing was improper and

---

[2] "Our former Court of Appeals has held 'a corporation is an artificial person, not capable of performing any act except through the agency of others,' and may not draw legal instruments or be represented in court through a nonprofessional officer or employee." *Smith v. Bear, Inc.*, 419 S.W.3d 49, 54 (Ky. App. 2013) (quoting *Kentucky State Bar Ass'n v. Tussey*, 476 S.W.2d 177, 179 (Ky. 1972)).

4

constituted the unauthorized practice of law and thus, dismissal of the action was appropriate. In support of its position, the Cabinet relies on this Court's holding in *Kentucky Bar Ass'n v. Henry Vogt Machine Co.*, 416 S.W.2d 727 (Ky. 1967); the unpublished decision of the Court of Appeals in *Bobbett v. Russellville Mobile Park LLC*, No. 2007-CA-0684-DG, 2008 WL 4182001 (Ky. App. Sept. 12, 2008); the now-overruled and depublished Court of Appeals decision in *Nichols v. Kentucky Unemployment Ins. Comm'n*, No. 2017-CA-1156-MR, 2019 WL 1868589 (Ky. App. Apr. 26, 2019), *rev'd*, 635 S.W.3d 46 (Ky. 2021); and the Kentucky Bar Association's (KBA) advisory Unauthorized Practice of Law Opinion KBA U-64 (Ky. 2012).[3] We conclude these authorities are all distinguishable and not dispositive of the issue presented in this appeal.

In *Vogt*, a non-attorney employee raised objections and posed questions to witnesses during an administrative hearing. The former Court of Appeals determined these actions required specialized knowledge of the law and legal procedures. Thus, it concluded the company and employee had engaged in the unauthorized practice of law, held them in contempt, and permanently enjoined them from engaging in such actions.

---

[3] The Cabinet also contends there is a potential split in the Court of Appeals on the issue presented based on dicta contained in *Almcare, LLC v. Cabinet for Health & Fam. Servs.*, No. 2020-CA-0100-MR, 2020 WL 7090831 (Ky. App. Dec. 4, 2020), which it contends supports reliance on KBA U-64. Our review of *Almcare* reveals the panel set forth a general rule and referenced a single, peripherally related precedent. The Cabinet urges this Court to follow "what would seemingly have been the holding" of the Court of Appeals had the issue not become moot. We decline to do so. Further, we note a motion for discretionary review in *Almcare* filed with this Court is currently abated pending resolution of the instant matter. Thus, any language contained in *Almcare* is of no moment to resolution of the issue at bar.

5

In *Bobbett*, a forcible detainer action was filed on behalf of a mobile home park that was doing business as a limited liability company by its non-attorney manager who, along with his wife, was the owner of the park. Because a forcible detainer is a legal pleading similar to a complaint which initiates a legal action against a third party, the Court of Appeals held the filing of same constituted the practice of law as it required a specialized knowledge of the civil rules and was filed in a court of law. Further, because the action was governed by the civil rules, especially including CR[4] 11, the complaint was required to be signed by an attorney representing the limited liability company.

In *Nichols*, a non-attorney representing a corporate healthcare entity during an administrative hearing asked questions of a witness pursuant to a statutory provision allowing corporate employers to appear *pro se* through non-lawyer representatives in unemployment proceedings. The Court of Appeals held corporations must be represented by an attorney in employment hearings and found the statutory provision at issue to be unconstitutional. On discretionary review, this Court reversed on procedural grounds without reaching the merits of the corporate representation question. *Kentucky Unemployment Ins. Comm'n v. Nichols*, 635 S.W.3d 46 (Ky. 2021). However, we took the opportunity to correct the Court of Appeals' interpretation of our holding in *Turner v. Kentucky Bar Ass'n*, 980 S.W.2d 560, 564 (Ky. 1998), in which we stated "legal representation by a lay person before an adjudicatory

_____

[4] Kentucky Rules of Civil Procedure.

6

tribunal, however informal, is not permitted . . . [and] such representation involves advocacy that would constitute the practice of law." We explained our holding in *Turner* was based on the type and extent of the actions taken by the non-attorneys and not merely because they were performing work in administrative tribunals. *Nichols*, 635 S.W.3d at 54. Further, we reiterated "[i]f no legal advice is being given or legal rights are being adjudicated, it is unlikely this Court would find that the non-attorney is engaging in the practice of law." *Id.*

KBA Unauthorized Practice of Law Opinion KBA U-64 addressed three questions related to conduct by non-lawyers and hearing officers at administrative hearings. Pertinent to the issue at bar, KBA U-64 concluded non-lawyers may not initiate an administrative hearing, request a hearing, or file an answer on behalf of an artificial entity in administrative proceedings. The opinion posed the question and answered it with a simple "no" without expounding on its reasoning. The body of the opinion discussed precedents which included non-attorneys answering legal questions, drafting legal documents, or directly participating in administrative hearings. By its own plain language, Question 1 of KBA U-64 ostensibly covers the type of situation presented to this Court today. However, as noted by the Court of Appeals, KBA unauthorized practice opinions are merely advisory and are not binding on the courts. Further, under §116 of the Kentucky Constitution, this Court's authority to regulate the practice of law includes the power to overrule formal unauthorized practice of law opinions when necessary. Based on our

resolution today, to the extent KBA U-64 suggests a non-lawyer cannot simply invoke a corporation's right to an administrative hearing, it is hereby overruled.

SCR[5] 3.020 defines the practice of law as "any service rendered involving legal knowledge or legal advice, whether of representation, counsel or advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities, or business relations of one requiring the services." Performing such services by "non-lawyers" for "others" represents the unauthorized practice of law. *Countrywide Home Loans, Inc. v. Kentucky Bar Ass'n,* 113 S.W.3d 105, 108 (Ky. 2003). Only this Court has authority to regulate the practice and determine what constitutes the unauthorized practice of law. *Id. See also Azmat ex rel. Azmat v. Bauer*, 588 S.W.3d 441, 448-49 (Ky. 2018).

After considering the foregoing precedents, we conclude Branham was not engaged in the practice of law when she requested an administrative hearing on behalf of Appalachian Hospice. As noted by the Court of Appeals, anyone with a modicum of intelligence and the ability to read and write could have responded to the directives contained in the Cabinet's letters regarding appeal rights from an unfavorable decision. No specific form or format was required, nor was compliance with the civil rules.

Before January 2018, the Cabinet had never disputed requests for hearings filed by a non-lawyer but has repeatedly done so since that time. Until very recently, the Cabinet had not even informed providers of its change

---

[5] Rules of the Supreme Court.

8

of position. The Cabinet appears to have changed the rules of the game during play—seemingly only for its own benefit and to the detriment of opposing parties. We cannot countenance such gamesmanship. As the trial court noted, the Cabinet's current position comes perilously close to announcing a rule that any communications between a party and an administrative agency must be accomplished through a licensed attorney. That is not, and has never been, the law in this Commonwealth.

Further, apart from crafting a simple, two-sentence letter seeking to continue proceedings initially instituted by the Cabinet, Branham did not participate in the administrative proceedings, act as an advocate, give legal advice, file or respond to any motions, nor question any witnesses. Thus, based on the facts presented—which are clearly distinguishable from those in the precedents cited in support of the Cabinet's position—we cannot say any specialized legal knowledge was required to request an administrative hearing and certainly no legal rights were being adjudicated at that stage of the proceedings. There was no unauthorized practice of law.

For the foregoing reasons, the decision of the Court of Appeals is affirmed.

All sitting. All concur.

9

COUNSEL FOR APPELLANTS:

Shaun T. Orme
Josh Roberts
Blake A. Vogt
Assistant Legal Counsel
Office of Legal Services


COUNSEL FOR APPELLEE:

Anna Stewart Whites