SULLIVAN *v.* MICHIGAN STATE BOARD OF DENTISTRY.

1. CONSTITUTIONAL LAW—POLICE POWER—LEGISLATIVE POWER.
    A board or commission to which police power to regulate a profession is delegated has no legislative power to adopt rules and regulations as to practices thereof which the legislature has neither expressly nor inferentially outlawed.

2. SAME—STATUTES—PRESUMPTIONS.
    Statute will be presumed constitutional where it may be construed in either of two ways, one of which is consistent with constitutionality.

3. Injunction—Statute Regulating Practice of Dentistry.

Bill to enjoin enforcement of act regulating practice of dentistry *held*, properly dismissed as wholly anticipatory where no showing is made that any rules and regulations have been promulgated and it is not to be presumed that any will be adopted which are unconstitutional, since court will not pass on moot questions or abstract propositions (Act No. 235, Pub. Acts 1933).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted June 12, 1934. (Docket No. 123, Calendar No. 37,909.) Decided September 18, 1934.

Bill by Gordon B. Sullivan and others against Michigan State Board of Dentistry and members thereof to enjoin the enforcement of Act No. 235, Pub. Acts 1933. Michigan State Dental Society, a Michigan corporation, and officers thereof intervened as parties defendant. Bill dismissed. Plaintiffs appeal. Affirmed.

*Edward N. Barnard,* for plaintiffs.

*Patrick H. O'Brien,* Attorney General, and *Francis K. Young,* Assistant Attorney General, for defendants.

*Frank Darin* and *Wilbur M. Brucker,* for intervening defendants.

Butzel, J. Gordon B. Sullivan and others, duly licensed and practicing dentists, filed a bill to restrain the Michigan State board of dentistry from enforcing Act No. 235, Pub. Acts 1933. The Michigan State Dental Society has intervened as a defendant.

Section 2 of the act provides:

"Said board shall adopt rules and regulations for its own organization and for the practice of den-

tistry in this State and for carrying out the provisions of this act, and may amend, modify and repeal said rules and regulations from time to time. The said rules and regulations and any amendments thereto shall become effective upon the legality of same being established by the attorney general.''

Plaintiffs claim that the quoted provision empowering the board to adopt rules and regulations for the practice of dentistry is an unlawful and unconstitutional delegation of legislative powers, vitiates the entire act and destroys its constitutionality. They fear that the board, instead of merely adopting rules and regulations setting forth the details for carrying out the expressed provisions of the act and forbidding practices unquestionably within the purview of the act, may assume legislative functions and attempt to proscribe practices that the legislature has neither expressly nor inferentially outlawed. A board or commission has no such legislative power. See *G. F. Redmond & Co.* v. *Michigan Securities Commission,* 222 Mich. 1; *In re Van Hyning,* 257 Mich. 146.

No rules or regulations have thus far been promulgated by the board, nor is it shown that any have been submitted to the attorney general to establish their legality. It is not to be presumed that the board will adopt any rules and regulations for the practice of dentistry that do not meet the test of constitutionality. It is not our duty to pass on moot questions or abstract propositions. As no unconstitutional rule has been pointed out, the presumption of the constitutionality of the act remains. Even if the law could be construed in two ways, one consistent with the constitutionality, and the other inconsistent therewith, the former will be considered as the one presumptively intended by the legisla-

ture. *Motz* v. *City of Detroit,* 18 Mich. 495; *Grand Rapids Booming Co.* v. *Jarvis,* 30 Mich. 308; *Attorney General* v. *Railway Co.,* 210 Mich. 227. Plaintiffs' action is wholly anticipatory. They have not shown any right to equitable relief at the present time. See *Cruickshank* v. *Bidwell,* 176 U. S. 73 (20 Sup. Ct. 280); *McCabe* v. *Railway Co.,* 235 U. S. 151 (35 Sup. Ct. 69).

The decree dismissing the bill is affirmed, with costs to defendants.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.