No. 20,256.

THE DENVER BAR ASSOCIATION, ET AL., *v.* THE PUBLIC UTILITIES COMMISSION OF COLORADO.

(391 P. [2d] 467)

Decided March 2, 1964.    Rehearing denied May 4, 1964.

Mr. WILLIAM P. WAGGENER, Mr. THOMAS E. CREIGHTON, Mr. PHILIP G. DUFFORD, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN J. CONWAY, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

THIS case involves the question whether lay persons can practice before the Colorado Public Utilities Com-

mission. The question arose originally before the Commission in hearings conducted by it concerning proposed rules of practice and procedure being considered for adoption. There the Denver and the Colorado Bar Associations, and an attorney, for himself and others, challenged the authority of the Commission to adopt Rule 7 (b), permitting lay persons to act in a representative capacity before that body. Such rule, they asserted, would constitute a usurpation of power vested in the Supreme Court which, alone, has the authority to say who shall and who shall not practice law in this state.

After a consideration of the problem thus presented, the Commission adopted the proposed rules, including the controversial Rule 7 (b). Further administrative process proved ineffectual. The challenge to the Commission's authority to adopt Rule 7 (b) was renewed in certiorari proceedings in the district court in Denver. Since the Commission "is not a court of record," the trial court determined that appearances before it do not constitute the practice of law, and hence, that Rule 7 (b) was valid. Its judgment is brought in question by this writ of error.

Rule 7 (b) provides:

"(b) *Who May Represent Parties.* Appearances and representation of parties shall be made as follows:

"(1) An individual may appear and be heard in his own behalf.

"(2) A co-partnership may appear and be represented by a co-partner.

"(3) A corporation may appear and be represented by a corporate officer or full-time employee of such corporation.

"(4) A municipal corporation may appear and be represented by a duly authorized officer, agent, or employee of such municipality.

"(5) An unincorporated association may appear and be represented by any bona fide or full-time employee of such association.

"(6) Any party to a proceeding may appear and be represented therein by an attorney-at-law, duly admitted to practice and in good standing, before the Supreme Court of the State of Colorado, and in rate matters, any party may be represented by a practitioner duly admitted to practice before the Interstate Commerce Commission; provided, however, an attorney-at-law, duly admitted to practice before the highest tribunal of a foreign state may appear in proceedings before the Commission if joined of record by duly admitted Colorado counsel."

In 1937 Oppenheimer made the following graphic observation in his essay, "The Supreme Court and Administrative Law," 37 Col. L. Rev. 1:

"More people, it is believed, are directly affected by the processes of administrative boards and quasi-judicial tribunals than by adjudications of the courts. Justice, to the majority of our population, is more apt to mean the fairness of an old age pension or unemployment insurance board than the soundness of a judicial pronouncement. The carfare fixed by a public utility commission or the treatment accorded by a workmen's compensation or old age pension board directly affects the average man, in his own belief, more than the decisions of the Supreme Court.

"This transfer of so much of the functioning of legal machinery to administrative boards is the vital fact of modern jurisprudence."

That which was belief in 1937 has become certainty in the last few decades. As a consequence, the burgeoning growth of administrative law has now shifted "inquiry from the question of the desirability of administrative law to that of control." *Geer v. Stathopulos*, 135 Colo. 146, 309 P. (2d) 606.

This Court defers to the concept of the separation of powers of government. Whatever the Commission may do as an arm of the legislature of the state this Court shall readily recognize and uphold. And this Court pre-

sumes that the legislature had no intention of infringing upon the Court's authority when it directed the Commission to adopt rules and regulations for the conduct of the Commission's business. C.R.S. '53, 115-6-1. See *Sullivan v. Michigan State Board of Dentistry*, 268 Mich. 427, 256 N.W. 471.

Article III of the Constitution of Colorado distributes the powers of government among "three distinct departments, — the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or permitted." Any exception to the distribution of powers must appear in express terms in the Constitution; implied exceptions are not sanctioned; this is the plain meaning of Article III.

■ This Court has the exclusive power to define and regulate the practice of law by virtue of this constitutional provision; there is no authority in these respects in the legislative or executive departments. *Clark v. Austin*, 340 Mo. 467, 101 S.W. (2d) 977; *In re Day*, 181 Ill. 73, 54 N.E. 646, 50 L.R.A. 519. See *Kolkman v. People*, 89 Colo. 8, 300 Pac. 575.

■ In the determination of the qualifications for admission of persons to practice law, and in the regulation and discipline of those licensed to practice law, this Court is vested by the people through the Constitution with the sole power to act. Legislation in any of these areas does not add to or detract from the exclusive authority of this Court. Wherever legislation conforms to our authority, it is gratuitous. Legislation tending to limit the scope of that which constitutes the practice of law would be abortive. *In re Day*, supra; *People v. Goodman*, 366 Ill. 346, 8 N.E. (2d) 941, 111 A.L.R. 1; *Clark v. Austin*, supra; *State v. Keller*, 16 Wis. (2d) 377, 114 N.W. (2d) 796.

Article XXV of the Colorado Constitution does not

create a fourth department of government with dominion over the practice of law. It is nothing more than a constitutional extension of the power of the legislature over public utilities. It reads as follows:

"In addition to the powers now vested in the General Assembly of the State of Colorado, all power to regulate the facilities, service and rates and charges therefor, including facilities and service and rates and charges therefor within home rule cities and home rule towns, of every corporation, individual, or association of individuals, wheresoever situate or operating within the State of Colorado, whether within or without a home rule city or home rule town, as a public utility, as presently or as may hereafter be defined as a public utility by the laws of the State of Colorado, is hereby vested in such agency of the State of Colorado as the General Assembly shall by law designate.

"Until such time as the General Assembly may otherwise designate, said authority shall be vested in the Public Utilities Commission of the State of Colorado; provided, however, nothing herein shall affect the power of municipalities to exercise reasonable police and licensing powers, nor their power to grant franchises; and provided, further, that nothing herein shall be construed to apply to municipally owned utilities."

There is no express language in Article XXV which derogates from the authority of this Court to define and regulate the practice of law. And no implied power to define and regulate the practice of law in derogation of the Court's authority is permissible. *Kolkman v. People*, supra.

From what has been said we conclude that the creature of the legislature, the Commission with its rule-making power, does not in any way have the prerogative of superseding the exclusive power of the judiciary, ultimately residing in this Court, to determine what is or is not the practice of law and to restrict such practice to persons licensed by this Court to serve

as lawyers. *State v. Keller,* supra; *People v. Goodman,* supra.

■ Whether one, in representing another before the Commission under Rule 7 (b), is practicing law depends upon the circumstances of the particular case there under consideration. The character of the act done, rather than that it is performed before the Commission, is the factor which is decisive of whether it constitutes the practice of law. *People v. Goodman,* supra; *Hoffmeister v. Tod,* (Mo.) 349 S.W. (2d) 5; *State ex rel. Johnson v. Childe,* 147 Neb. 527, 23 N.W. (2d) 720; *Shortz v. Farrell,* 327 Pa. 81, 193 Atl. 20.

Ruling that under all circumstances a lay person could act in a representative capacity before the Commission pursuant to the authority contained in Rule 7 (b) was error; hence, the judgment must be reversed.

■ Although the Commission is an administrative agency of the legislature, *People v. Colo. Co.,* 65 Colo. 472, 178 Pac. 6, nevertheless its actions would be characterized as judicial where it resolves disputes of adjudicative facts, and persons appearing in representative capacities in respect thereto would be practicing law. 1 Davis, Administrative Law Treatise 415, § 703. On the other hand, its actions may be legislative or non-judicial, and persons appearing in representative capacities in respect to these matters would not be practicing law. *Ibid.* See *People v. Colo. Co.,* supra.

There is no wholly satisfactory definition as to what constitutes the practice of law; it is not easy to give an all-inclusive definition. We believe that generally one who acts in a representative capacity in protecting, enforcing, or defending the legal rights and duties of another and in counselling, advising and assisting him in connection with these rights and duties is engaged in the practice of law. Difficulty arises too in the application of the definition.

As administrative law became more and more a "vital fact of modern jurisprudence," the lines became more

clearly drawn between what is and what is not the practice of law in a number of the more familiar areas. This process of drawing lines between what is and is not the practice of law will go on.

It would appear from the decisions that the following would constitute the practice of law before administrative commissions:

1) Where one instructs and advises another in regard to the applicable law on an agency matter so that he may properly pursue his affairs and be informed as to his rights and obligations. *Clark v. Austin,* supra; *Shortz v. Farrell,* supra; *West Va. State Bar v. Early,* 144 W. Va. 504, 109 S.E. (2d) 420; *State v. Keller,* supra.

2) Where one prepares for another documents requiring familiarity with legal principles beyond the ken of the ordinary layman. *Shortz v. Farrell,* supra; *State v. Keller,* supra; *West Va. State Bar v. Earley,* supra.

3) Where one prepares for another, for filing before the administrative agency, applications, pleadings, or other procedural papers requiring legal knowledge and technique. *Shortz v. Farrell,* supra; *State ex rel. Johnson v. Childe,* supra.

4) Where one appears for another before an administrative tribunal in adversary or public proceedings involving the latter's rights of life, liberty or property according to the law of the land. *People v. Goodman,* supra; *Clark v. Austin,* supra; *Shortz v. Farrell,* supra; *West Va. State Bar v. Earley,* supra; *State v. Keller,* supra.

5) Where one, on behalf of another, examines and cross-examines witnesses and makes objections or resists objections to the introduction of testimony, the exercise of which requires legal training, knowledge, and skill. *Shortz v. Farrell,* supra; *State ex rel. Johnson v. Childe,* supra.

6) Where one represents another in a rate-making or rate-revision case and the question of deprivation of

property without due process of law is present. *Jordan v. American Eagle Fire Ins. Co.,* 169 F. (2d) 281.

As an arm of the legislature, the Commission may authorize by rule certain things, the doing of which does not constitute the practice of law. Among the more common of these activities, in which laymen may represent others, are:

1) The completion of forms which do not require any knowledge and skill beyond that possessed by the ordinarily experienced and intelligent layman. *Shortz v. Farrell,* supra; *West Va. State Bar v. Earley,* supra. See *Conway Bogue v. Bar Ass'n,* 135 Colo. 398, 312 P. (2d) 998.

2) Representation of another in a hearing relating to the making or revision of rates, except as noted in the foregoing item No. 6. *Denver v. Public Utilities Commission,* 129 Colo. 41, 266 P. (2d) 1105.

3) Performing the services of engineers, experts, accountants and clerks. *Refining Co. v. Public Utilities,* 68 Colo. 137, 187 Pac. 1082; "Administrative Agencies and Unauthorized Practice of Law," by F. Trowbridge von Baur, 48 A.B.A.J. 715.

4) Acting in an agency proceeding involving the adoption of a rule of future action which affects a group and where no vested rights of liberty or property are at stake. *Bowles v. Willingham,* 321 U.S. 503, 64 S.Ct. 641, 88 L.ed. 892; 73 C.J.S., Public Administrative Bodies and Procedure, § 130, pages 452 and 453; Oppenheimer, "Administrative Law," 2 Md. L. Rev. 185, 204 (1938).

Of course, it has been held time and again that a natural person may appear in his own behalf and represent himself, notwithstanding he may not be a lawyer. *Clark v. Austin,* supra; *West Va. Bar Ass'n v. Earley,* supra.

As to matters in which no legal principle is involved and the subject matter of the hearing has a value or represents an amount insufficient to warrant the employment of an attorney, permission is granted until

withdrawn by this Court to permit laymen to represent others in accordance with Rule 7 (b), even though such representation may constitute practicing law. *State v. Keller,* supra.

For the reasons herein expressed, we reverse the judgment of the trial court.

MR. JUSTICE MOORE concurs in part and dissents in part.

MR. JUSTICE HALL and MR. JUSTICE PRINGLE dissent.

MR. JUSTICE MOORE concurring in part and dissenting in part:

I concur in that portion of the majority opinion in which it is held that persons appearing before the Public Utilities Commission representing the interests of others should be licensed to practice law in the State of Colorado. I cannot agree that there should be exceptions to this rule.

I would hold that where a person appears before the Public Utilities Commission on behalf of another in any matter in which the rights, privileges, duties or obligations of such other party are being determined, the person thus appearing in a representative capacity must be one licensed to practice law.

MR. JUSTICE PRINGLE dissenting:

I must respectfully dissent. There is no doubt in my mind that the power to define and regulate the practice of law lies exclusively with this Court. I also agree with the statement in the majority opinion that whether one who appears before the Public Utilities Commission under the provisions of Rule 7 (b) of the Commission is practicing law depends upon the circumstances under which he appears, and this statement, in fact, is the basis of my dissent.

In my view, the Commission as an arm of the Legis-

lature and part of the legislative branch of government may promulgate any rule of procedure which it wishes, and so long as that rule does not deprive a litigant of his constitutional rights we have no power to set it aside, although I must say that I am unable to determine whether the majority opinion is a repudiation or an interpretation of Rule 7 (b). If a person appearing under Rule 7 (b) engages in acts which constitute the practice of law, the proper way to bring the matter before this Court is by way of an action against that person, specifically alleging the conduct which is contended to be the unlawful practice of law, and, in fact, the cases cited by the majority are all of them cases which came before the court in that posture. See, e.g., *Conway-Bogue v. Bar Association,* 135 Colo. 398, 312 P. (2d) 998; *West Virginia State Bar v. Earley,* 144 W.Va. 504, 109 S.E. (2d) 420; *State v. Keller,* 16 Wis. (2d) 377, 114 N.W. (2d) 796.

I would also point out that in the cases cited by the majority the person or persons proceeded against were laymen who appeared in a purely representative capacity for clients and that they had no other connection with these clients. In contrast, Rule 7 (b) does not permit laymen in general to appear in a representative capacity. It limits such appearance to individuals representing themselves, or to co-partners representing themselves, or to corporate officers or full time employees of a corporation representing the corporation for which they work. I can visualize many such limited appearances by laymen which would, in my view, not be the unlawful practice of law. I would not, therefore, hold Rule 7 (b), as such, invalid, but would await the presentation to this Court of the specific circumstances under which an individual would be charged with the unlawful practice of law.

Moreover, the majority opinion poses hypothetical situations which do not by any stretch of the imagination have anything to do with Rule 7 (b) and pro-

ceeds to determine whether or not such practices constitute the practice of law. In my view, it is dangerous to make such general judgments in a vacuum.

I am authorized to say that MR. JUSTICE HALL joins in this dissent.