**James W. CHAMBERS, Appellant,**

v.

**David STENGEL, in His Capacity as Jefferson County Commonwealth, Attorney; Michael Conliffe, in His Capacity as Jefferson County Attorney and A.B. Chandler III, in His Capacity as Attorney General, Appellees.**

No. 2000–SC–0062–CL.

Supreme Court of Kentucky.

Feb. 22, 2001.

GRAVES, Justice.

The Kentucky Constitution provides that the Supreme Court has the sole authority to regulate and discipline "members of the bar." *see* Ky. Const. § 116. However, the Kentucky Constitution does not give the Supreme Court the power to criminalize lawyer conduct. We certify that the Kentucky General Assembly did

not violate separation-of-powers principles by enacting KRS §§ 21A.300 and 21A.310(1), which impose criminal sanctions on practicing attorneys who solicit accident or disaster victims by direct mail within 30 days of the event.

This case comes to this Court on a request for a certification of law from the United States Court of Appeals for the Sixth Circuit. Appellant, James W. Chambers, a Kentucky personal injury attorney, brought a civil action against his local County and Commonwealth Attorneys in United States District Court for the Western District of Kentucky seeking declaratory and injunctive relief from the aforementioned statutes, which impose misdemeanor criminal sanctions for attorneys who solicit accident or disaster victims by mail within thirty days of the accident or disaster. Appellant had engaged in such direct mail solicitation prior to the enactment of said statutes.

In his federal suit, Appellant alleged that the statutes violated his First Amendment right to freedom of speech and his Fourteenth Amendment rights to equal protection and due process of law. He asserted corresponding state law claims, as well as allegations that the statutes violate the principle of separation of powers. The federal District Court allowed the Kentucky Attorney General to intervene because the action challenged the constitutionality of the General Assembly's act. The Attorney General conceded that certain parts of the statutes infringed upon protected First Amendment constitutional activities, namely solicitation within thirty days of the filing of a civil lawsuit, criminal charges, or a traffic citation. Therefore, the court entered a partial agreed judgment regarding the provisions. As to the remaining provisions concerning accident and disaster victims, the parties filed cross-motions for summary judgment. The federal court granted summary judgment in favor of the Attorney General, rejecting Appellant's federal constitutional claims and dismissing without prejudice Appellant's state claims. Appellant appealed to the United States Court of Appeals for the Sixth Circuit, which, following briefing and oral argument, issued an order requesting certification of Appellant's state separation-of-powers claim to this Court.

Appellant argues that the drafters of the state constitution made political choices as to the allocation of power among the government's three branches, and one of these choices was to give the Supreme Court exclusive authority over the bench and bar. Indeed, we affirmed the basic proposition that the Court has authority over admission to and discipline of members of the bar in *Ex Parte Auditor of Public Accounts,* Ky., 609 S.W.2d 682, 683–84 (1980), when we stated, "There can be no doubt that this constitutional amendment completely removed the subject from any legislative authority and rendered obsolete and ineffective statutes pertaining to it." Furthermore, Appellant points out that this Court has declared unconstitutional the General Assembly's attempts to legislate aspects of legal practice, procedure, admission or discipline.[1]

However, Appellant misses the distinction between governing the admissions and ethical conduct of attorneys, which Ky.

1. *See Turner v. Kentucky Bar Ass'n,* Ky., 980 S.W.2d 560 (1998)(statute allowing nonlawyers to represent workers' compensation claimants); *Foster v. Overstreet.* Ky., 905 S.W.2d 504 (1995)(statute providing for chief justice's review of denial of recusal motion); *O'Bryan v. Hedgespeth,* Ky., 892 S.W.2d 571 (1995)(statute allowing collateral source payments into evidence); *Drumm v. Commonwealth,* Ky., 783 S.W.2d 380 (1990)(statute permitting admission of hearsay evidence of abused children); *Commonwealth v. Reneer,* Ky., 734 S.W.2d 794 (1987)(truth-in-sentencing statute); *Gaines v. Commonwealth,* Ky., 728 S.W.2d 525 (1987)(statute permitting abused children's videotaped, out-of-court, unsworn testimony); *Smothers v. Lewis,* Ky., 672 S.W.2d 62 (1984)(statute prohibiting court challenges to alcoholic beverage license revocation hearings during administrative appeal); *Ex Parte Auditor, supra,* (statutes regulating Kentucky Bar Ass'n admission.).

Const. § 116 addresses, and the imposition of criminal sanctions. While it is true that the cases Appellant cites reflect this Court's refusal to permit the General Assembly to regulate procedural aspects of the practice of law, none of the cases speak directly to the General Assembly's right to define and provide sanctions for criminal conduct, a power securely within its province. It is on this basis that Appellant's arguments fail.

 Pursuant to its police power, the General Assembly may enact legislation to protect the Commonwealth's citizens' health and welfare, and any such statute is presumed to be constitutional if it appears that the provisions have a substantial tendency to provide such protections. *See Moore v. Northern Kentucky Independent Food Dealers Ass'n*, 286 Ky. 24, 149 S.W.2d 755 (1941). In this instance, the General Assembly was responding to a public outcry against the practices of immediate solicitation, which it found caused further emotional harm to the accident and disaster victims receiving such mailings. The evidentiary record, which the federal court considered in upholding the constitutionality of the statutes in this case, included affidavits from recipients of such mailings and a survey conducted among state residents which showed, *inter alia*, that 74.5 percent of those surveyed found direct mail solicitation following an automobile accident to be an invasion of privacy. The survey also indicated strong support for increased regulation of and restrictions on attorney advertising and solicitation, especially solicitation following an injury, accident or disaster. The General Assembly is within its police power to respond to such a harm through legislation.

Furthermore, these are not the first statutes that provide criminal sanctions for activities involving the practice of law. KRS 524.130 provides a penalty for the unauthorized practice of law. Courts of other jurisdictions having faced this question in the same context, have affirmed such legislation in the area of unauthorized practice as an aid to the courts, which does not add or detract from the courts' power.[2] As the court in *Rhode Island Bar Ass'n v. Automobile Service Ass'n*, 55 R.I. 122, 179 A. 139, 141 (1935) noted, while the arms of government are separate and distinct, they may regulate or govern the same conduct. Also, we previously stated in *Baker v. Commonwealth*, Ky., 677 S.W.2d 876, 879 (1984), (*overruled on other grounds, Shannon v. Commonwealth*, Ky., 767 S.W.2d 548 (1988), that "[t]he enactment of a statute defining the elements of a crime is a legislative matter . . . .")

As a more practical matter, KRS 21A.300 and KRS 21A.310(1) allow Kentucky to protect its citizens from practices deemed offensive by both in-state and out-of-state attorneys. If regulation were left solely to this Court, our reach would only cover Kentucky attorneys, leaving out-of-state attorneys and their non-lawyer agents free to solicit our citizens in claims under the Federal Employers' Liability Act, which covers individuals hurt on railroads, as well as the Jones' Act, which covers individuals injured on inland waterways. Even though the accident may have occurred in Kentucky, railroad and river injury claims may be brought in several different venues outside of Kentucky. The disciplinary authority of this Court not only is inadequate to protect our citizens from unwanted out-of-state solicitation, but also Kentucky attorneys may be at a competitive disadvantage of being prohibited from contacting injured persons while attorneys from neighboring states have free reign to solicit.

 In upholding the constitutionality of these statutes, we find that the General Assembly enacted a valid exercise of police

---

2. *See In re Baker, et. al.*, 8 N.J. 321, 85 A.2d 505, 513 (1951); *In People ex rel. Chicago Bar Ass'n v. Goodman*, 366 Ill. 346, 8 N.E.2d 941, 944 (1937); *Rhode Island Bar Ass'n v. Auto-*

*mobile Service Ass'n*, 55 R.I. 122, 179 A. 139, 141 (1935). *Denver Bar Ass'n v. Public Utilities*, 154 Colo. 273, 391 P.2d 467, 470 (1964).

power which protects both Kentuckians and Kentucky lawyers from predatory activity. This Court retains the power to discipline Kentucky attorneys who are convicted under these statutes just as we have the power to discipline Kentucky attorneys who violate any other statute.

LAMBERT, C.J., COOPER, KELLER, and WINTERSHEIMER, J.J., concur.

JOHNSTONE, J., dissents in a separate opinion in which STUMBO, J., joins.

JOHNSTONE, Justice, dissenting.

Respectfully, I dissent. In my opinion, there is no doubt that the legislature's attempt to criminalize the solicitation by lawyers of victims of accidents or disasters within thirty (30) days of the event violates long-standing principles of the separation of powers doctrine.

The framers of Kentucky's constitution were careful to include express sections relating to the separation of powers. Specifically, they provide:

> **Section 27. Powers of government divided among legislative, executive, and judicial departments.** The powers of the government of the Commonwealth of Kentucky shall be divided into three distinct departments, and each of them be confined to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another.

> **Section 28. One department not to exercise power belonging to another.** No person or collection of persons, being of one of those departments, shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted.

As we stated in *Legislative Research Commission v. Brown*, Ky., 664 S.W.2d 907 (1984):

> Our present constitution contains explicit provisions which, on the one hand, *mandate* separation among the three branches of government, and on the other hand, specifically *prohibit* incursion of one branch of government into the powers and functions of the others. Thus, our constitution has a double-barreled, positive-negative approach.

*Id.* at 912 (emphasis in original).

Further, our 1891 constitution, as amended by the citizens of this Commonwealth in 1975, provides the following in Section 116:

> The Supreme Court shall have the power to prescribe rules governing its appellate jurisdiction, rules for the appointment of commissioners and other court personnel, and rules of practice and procedure for the Court of Justice. *The Supreme Court shall, by rule, govern admission to the bar and the discipline of members of the bar.*

Emphasis added.

Thus, it is clear that the constitutional framework of Kentucky empowers the Supreme Court to govern all matters related to, inter alia, the discipline of members of the bar. Indeed, the majority sets out several cases in which we have held unconstitutional various attempts to legislate aspects of legal practice, procedure, admission, or discipline.

Perplexing, then, is the majority's attempt to distinguish discipline imposed by this Court and that imposed by the legislature in the form of statutory criminal sanctions by referring to the General Assembly's police power. No authority is cited that would allow one "department" of our government to exercise any power properly belonging to either of the others in the name of its police power. Nor is there solace to be found in KRS 524.130, which provides a penalty for the unauthorized practice of law. That statute expressly applies to persons practicing law "without a license issued by the Supreme Court," not to members of our bar.

I greatly respect the General Assembly and its many valiant efforts to serve the

citizens of Kentucky. We have long deferred to the policy making responsibility of our legislators. We frustrate legislative policy and intent only if laws enacted by the General Assembly violate the constitution. However, the judiciary likewise has the responsibility to respect and uphold the rules of law so admirably set out by the framers of our constitution. One of the most fundamental of those rules is the doctrine of the separation of powers among co-equal branches of our government. If we fail in that responsibility, we fail in our obligation to the judiciary and the citizens of this Commonwealth.

We may be rightly offended, as was the General Assembly, in the public's outcry against the particular lawyer solicitation that the statute was drafted to preclude. However, the power to effect discipline to the members of the Kentucky bar lies solely within judicial boundaries. And, as eloquently stated by then Chief Justice John S. Palmore, in *Ex Parte Auditor of Public Accounts,* Ky., 609 S.W.2d 682, 687 (1980), "Experience teaches that a boundary not guarded will in time be lost."

STUMBO, J., joins this dissenting opinion.