**Andrew B. NEWMAN, Plaintiff,**

v.

**ED BOZARTH CHEVROLET COMPANY, INC.,**
Defendant.

Civil Action No. 07–cv–00969–PAB–LTM.

United States District Court, D. Colorado.

March 3, 2010.

Peter A. Ricciardelli, Law Office of Peter A. Ricciardelli, P.C., Telluride, CO, Brian William Warwick, Varnell & Warwick, P.A., The Villages, FL, for Plaintiff.

David Daniel Powell, Jr., Leah P. Vanlandschoot, Sarah M. Stettner, Brownstein Hyatt Farber Schreck, LLP, Denver, CO, for Defendant.

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE

PHILIP A. BRIMMER, District Judge.

This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 150] recommending that defendant's motion for summary judgment [Docket No. 84] be granted and the case dismissed. On January 15, 2009, plaintiff filed timely objections [Docket No. 151] to the Recommendation. Defendant has filed a response [Docket No. 152]. Where a party timely files objections to a magistrate judge's recommended adjudication of a dispositive motion, the Court reviews the objected-to portion of the recommendation de novo. Fed.R.Civ.P. 72(b).

The magistrate judge narrowed the issues on summary judgment to two: 1) whether or not defendant, by preparing documents related to the sale of a vehicle to Newman, engaged in the unauthorized practice of law; and 2) whether charging a delivery and handling fee, which includes a fee for preparation of documents related to

the sale, is illegal. Report & Recommendation of United States Magistrate Judge [Docket No. 150] at 3. Plaintiff states that the issues were "fairly stated" but contends that the Recommendation is otherwise contrary to binding state law. *See* Pl.'s Objections to Report & Recommendation of United States Magistrate Dated January 5, 2009 ("Objection") at 2. Specifically, plaintiff believes that two Colorado Supreme Court cases, which the magistrate judge did not specifically address, command a different result.

Plaintiff argues that the rulings in *Conway–Bogue Realty Investment Co. v. Denver Bar Ass'n*, 135 Colo. 398, 312 P.2d 998 (1957), and *Title Guaranty Co. v. Denver Bar Ass'n*, 135 Colo. 423, 312 P.2d 1011 (1957), demonstrate the illegality of defendant's practice of charging its customers a delivery and handling fee which included some document preparation.

Plaintiff also argues that a third Colorado Supreme Court case, *Denver Bar Ass'n v. Public Utilities Commission*, 154 Colo. 273, 391 P.2d 467 (1964), is distinguishable in a significant way and, therefore, should not have been relied upon by the magistrate judge. Having reviewed the briefing surrounding the motion and the objection, the Recommendation, and the relevant case law I disagree with plaintiff. Moreover, because I determine that the magistrate judge arrived at the correct result, I accept her Recommendation and grant defendant's motion for summary judgment.

Plaintiff's objections run along two lines. First, he challenges the standard adopted by the magistrate judge for determining what constitutes "the unauthorized practice of law." *See* Objection at 2–10, 13–16. Second, he argues that, somewhat irrespective of whether defendant engaged in the unauthorized practice of law, the fee defendant charged is illegal and unenforceable as contrary to public policy. *See* Objection at 10–13.

As for the first issue—the proper standard for determining what constitutes the unauthorized practice of law—I disagree with plaintiff's characterization of the magistrate judge's Recommendation as setting forth a new standard. As Judge Kane noted previously in this very case, "[t]he Colorado Supreme Court has . . . declared that there is 'no wholly satisfactory' or 'all-inclusive' definition as to what constitutes the unauthorized practice of law, and commented that application of any attempted definition to a set of facts is difficult." *Newman v. Ed Bozarth Chevrolet Co., Inc.*, No. 07–cv–00969, 2007 WL 4287478, at *1 (D.Colo. Dec. 04, 2007) (citing *Denver Bar Ass'n v. Public Utils. Comm'n*, 154 Colo. 273, 391 P.2d 467, 471 (1964)). Judge Kane also listed the factors which the Colorado Supreme Court has considered in making this fact-specific determination:

> whether the accused party provided explanation or advice as to the legal effect of the documents it prepared, whether preparation of the legal instruments was necessary and essential to the accused party's business, whether the party charged a fee for preparing the legal instruments, whether the public interest would be served by enjoining the allegedly unauthorized practice, and whether the party was preparing instruments to which it was a party, and, if so, whether it was acting for its own use and benefit in doing so rather than for or on behalf of others.

*Newman*, 2007 WL 4287478, at *1 (citing *Conway–Bogue Realty Investment Co. v. Denver Bar Ass'n*, 135 Colo. 398, 312 P.2d 998 (1957), and *Title Guaranty Co. v. Denver Bar Ass'n*, 135 Colo. 423, 312 P.2d 1011 (1957)) (internal citations omitted). Under this analysis, the magistrate judge was

correct that plaintiff's claims alleging that defendant engaged in the unauthorized practice of law fail as a matter of law.

Plaintiff's second basis for objecting to the magistrate judge's Recommendation fares no better. Although plaintiff contends that this ground for objecting to the Recommendation exists irrespective of the unauthorized practice of law question, *see* Objection at 10, plaintiff persists in raising unauthorized practice issue in this purportedly independent argument. *See* Objection at 11–12. Regardless of the supposed basis for this objection, plaintiff remains unable to raise a genuine issue for trial. Because there is no basis for concluding that the delivery and handling fee charged by defendant is illegal or contrary to public policy, the Court concludes that no reasonable jury could find that the fee is, as plaintiff contends, "unfair and deceptive, unconscionable or otherwise illegal based on public policy." Objection at 13. As a result, defendant is entitled to summary judgment. *Cf. Allen v. Muskogee,* 119 F.3d 837, 839 (10th Cir.1997) ("Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. A disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." (internal citations, quotation marks, and omission marks omitted)).

As a result, it is

**ORDERED** that the Report & Recommendation of United States Magistrate Judge [Docket No. 150] is ACCEPTED. It is further

**ORDERED** that plaintiff's First Claim for Relief alleging a violation of the federal Truth in Lending Act is DISMISSED with prejudice and that defendant Ed Bozarth Chevrolet Company, Inc. is granted leave to seek an award of its attorney's fees in relation to this claim. It is further

**ORDERED** that defendant Ed Bozarth Chevrolet Company, Inc.'s motion for summary judgment [Docket No. 84] is GRANTED and the case is dismissed with prejudice in its entirety. Judgment shall enter in favor of defendant Ed Bozarth Chevrolet Company, Inc. and against plaintiff Andrew Newman on plaintiff's Second, Third, and Fourth claims for relief. Defendant Ed Bozarth Chevrolet Company, Inc. may have its costs by filing a bill of costs within fourteen days of the date of this order. It is further

**ORDERED** that plaintiff's motion for class certification [Docket No. 104] and amended motion for class certification [Docket No. 107] are DENIED as moot.

## REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

GUDRUN J. RICE, United States Magistrate Judge.

This matter is before me on the Defendant, Ed Bozarth Chevrolet Company, Inc's ("Bozarth") motion for summary judgment, filed pursuant to Rule 56, Fed. R.Civ.P. Counsel for Bozarth and the Plaintiff, Andrew Newman ("Newman"), presented arguments on the motion at a hearing held on December 5, 2008. During the hearing, Newman's counsel agreed to withdraw voluntarily Plaintiff's First Claim for Relief alleging a violation of the federal Truth in Lending Act. At the close of the hearing, I recommended that Plaintiff's First Claim for Relief be dismissed with prejudice and Bozarth be granted leave to seek an award of attorney's fees.

I also decided to exercise supplemental jurisdiction, as authorized by 28 U.S.C.

§ 1367, over the remaining Second, Third and Fourth Claims for Relief. Thus, the December 5 hearing focused on whether summary judgment should be granted on Newman's Second, Third and Fourth Claims for Relief, all of which are based on the allegation that Bozarth engaged in the unauthorized practice of law when Newman purchased a vehicle from Bozarth in July 2004.

I have reviewed the briefs and considered the arguments of counsel. For the reasons set forth below, I recommend that Bozarth's motion for summary judgment be granted in favor of Bozarth on Newman's Second, Third and Fourth Claims for Relief, and that the claims, and this action, be dismissed with prejudice.

## I. *STANDARD OF REVIEW*

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.,* 252 F.3d 1111, 1115 (10th Cir.2001) (quoting *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 671 (10th Cir.1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.*

The Supreme Court has held that the party seeking summary judgment need not adduce evidence demonstrating the lack of a material trial worthy issue. Further the Court announced:

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential that that party's case, and on which that party will bear the burden of proof at trial ... We find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## II. *ANALYSIS AND CONCLUSIONS*

During the hearing on Bozarth's motion for summary judgment, I identified the following issues for counsel to address in their arguments: 1) whether or not Bozarth by preparing documents related to the sale of a vehicle to Newman engaged in the unauthorized practice of law; and 2) whether charging a delivery and handling fee, which includes a fee for preparation of documents related to the sale, is illegal. I also advised counsel that in considering their arguments as to whether Bozarth engaged in the unauthorized practice of law, I would rely upon the Colorado Supreme Court's decision in *Denver Bar Ass'n v. Public Utils. Comm'n,* 154 Colo. 273, 391 P.2d 467, 471 (Colo.1964) ("Public Utilities"), a decision Judge Kane cited in his order affirming my prior recommendations on Defendant's Motion to Dismiss.

In *Public Utilities,* the Court noted that whether a person "is practicing law depends upon the circumstances of the particular case," and that "[t]he character of the act done ... is the factor which is decisive of whether it constitutes the prac-

tice of law." *Public Utilities*, 391 P.2d at 470. Then, after recognizing that "it is not easy to give an all-inclusive definition," the Court identified a general test for identifying the practice of law: *"[g]enerally one who acts in a representative capacity in protecting, enforcing, or defending the legal rights and duties of another and in counseling, advising and assisting him in connection with these rights and duties is engaged in the practice of law."* *Id.* at 471 (emphasis added). The Court also recognized various activities that do, and **do not,** constitute the practice of law. "Among the more common" of the non-legal activities is "[t]he completion of forms which do not require any knowledge and skill beyond that possessed by the ordinarily experienced and intelligent layman." *Id.* at 472. Applying the standards outlined in *Public Utilities* to the facts of this case, I find that Bozarth did not engage in the unauthorized practice of law when it prepared documents attendant to the sale of the vehicle purchased by Newman.

Newman has presented no facts to indicate that Bozarth acted in a representative capacity in "protecting, enforcing, or defending the legal rights and duties of another and in counseling, advising and assisting Newman in connection with these rights and duties...." *Id.* at 471. I find that although Bozarth may have completed forms that are "legal documents"—the completion of such documents did not require any knowledge or skill beyond that possessed by the ordinary lay person. Thus, when Bozarth's salesperson "Cookie" completed the documents pertaining to the sale of the vehicle to Newman, she did not engage in the unauthorized practice of law.

I also find that the mere charging of a delivery and handling fee is not determinative of whether Bozarth engaged in the

unauthorized practice of law. It is undisputed that Bozarth charged Newman a delivery and handling fee. It is also undisputed that Bozarth disclosed to Newman that the delivery and handling fee was "profit" to Bozarth and was allocated to, among other things, preparation of documents as well as preparation and cleaning of vehicles. Moreover, Newman agrees that the delivery and handling fee in and of itself is not illegal. Because Bozarth did not engage in the unauthorized practice of law when it prepared documents related to the sale of the vehicle, the mere charging of a fee by Bozarth to prepare the documents did not transform the preparation of the documents into the practice of law or consequently the unauthorized practice of law.

### III.  *RECOMMENDATIONS AND ORDER*

For the reasons stated above, I make the following recommendations:

1) Plaintiff's First Claim for Relief alleging a violation of the federal Truth in Lending Act be dismissed with prejudice and that Bozarth be granted leave to seek an award of its attorney's fees;

2) Summary judgment should enter in favor of Bozarth on Plaintiff's Second, Third and Fourth Claims for Relief;

3) As the prevailing party, Bozarth should be granted leave to seek an award of its costs pursuant to Rule 54(d), Fed.R.Civ.P.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), Fed.R.Civ.P., the parties have ten (10) days after the service of this recommendation to serve and file specific written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommenda-

tion by the district judge. Rule 72(b), Fed.R.Civ.P.; *Thomas v. Arn,* 474 U.S. 140, 147–148, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) and also waives appellate review of both factual and legal questions. *In re Key Energy Resources, Inc.,* 230 F.3d 1197, 1199–1200 (10th Cir.2000). A party's objection to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property,* 73 F.3d 1057, 1060 (10th Cir.1996).