**In re the MARRIAGE OF Leslie Fanelli KANEFSKY,**

and

**Barry Kanefsky, Appellee,**

and

**Concerning Kerry Fremerman and Judith Fremerman, Co-conservators, Appellants.**

**No. 09CA0690.**

Colorado Court of Appeals, Div. IV.

Sept. 2, 2010.

No Appearance for Appellee.

Kerry Fremerman, Pro Se.

Judith Fremerman, Pro Se.

Opinion by Judge HAWTHORNE.

Judith Fremerman and Kerry Fremerman (Conservators), in their capacities as co-conservators of Leslie Fanelli Kanefsky (wife), appeal the permanent orders entered in connection with the dissolution of wife's marriage to Barry Kanefsky (husband). We stay the appeal.

### I. Question and Conclusion

■ The question before us is whether a guardian or conservator, as an incapacitated or protected person's legal representative, may represent a ward or his or her estate in court proceedings without an attorney. This is an issue of first impression in Colorado.

We conclude that Conservators, who are not licensed to practice law, cannot serve as wife's legal counsel in court proceedings. Thus, we stay the appeal for sixty days from this opinion's date to allow Conservators to obtain an attorney.

### II. Facts and Procedural Background

Proceedings to dissolve wife's marriage to husband were commenced in 2004. In February 2007, the trial court found that wife was incompetent to make decisions in her best interests and appointed a guardian ad litem (GAL) for her. Wife was also represented by an attorney.

Following the GAL's appointment, several hearings took place, before the same trial court judge, in the dissolution case and in a related probate case (07PR99) regarding wife's competency to proceed with respect to permanent orders. In September 2008, the court issued Letters in 07PR99 naming Conservators, wife's mother and sister, as her co-conservators and co-guardians for the limited purpose of assisting wife in her dissolution proceedings.

At the permanent orders hearing, wife was assisted by her GAL and her attorney. The court terminated the GAL's appointment effective the day the permanent orders hearing concluded and subsequently granted counsel's motion to withdraw. The dissolution decree entered on March 24, 2009.

On March 31, 2009, Conservators filed an "entry of appearance" in the dissolution case. On that same date, they filed a notice of appeal on behalf of wife, seeking to reverse portions of the permanent orders.

This court issued an order to show cause requiring Conservators to demonstrate their standing to file the appeal because they are not licensed attorneys and did not appear to have been parties to the dissolution proceedings. In response to that order, Conservators attached their "entry of appearance" and explained that they had standing based upon their limited appointments in 07PR99. A motions division of this court deferred ruling on the order to show cause, and the matter is now before this division.

## III.  Law

### A.  Powers of Conservators and Guardians

Under the Colorado Uniform Guardianship and Protective Proceedings Act (Protective Proceedings Act), a conservator is a person at least twenty-one years old, who is appointed by a court to manage a protected person's estate. § 15–14–102(2), C.R.S.2009. The Act provides, in pertinent part, that a guardian is an individual at least twenty-one years old, who has qualified as an incapacitated person's guardian pursuant to appointment by the court, but not a guardian ad litem. § 15–14–102(4), C.R.S.2009.

A guardian or conservator is the incapacitated or protected person's legal representative. *See* § 15–14–102(6), C.R.S.2009 (legal representative includes guardian or conservator acting for respondent in this state or elsewhere, trustee or custodian of a trust or custodianship of which respondent is a beneficiary, or an agent designated under a power of attorney in which respondent is designated the principal).

As the ward's legal representative, a guardian may petition the court for authority to commence and maintain an action for dissolution of marriage for the ward. *See* § 15–14–315.5(1), C.R.S.2009. Similarly, a conservator may prosecute or defend actions, claims, or proceedings in any jurisdiction to protect the protected person's assets. *See* § 15–14–425(2)(x), C.R.S.2009. If a conservator for the ward's estate has not been appointed with existing authority, a guardian may commence a proceeding, or take other appropriate action, to compel a person to support the ward or pay money for the ward's benefit. *See* § 15–14–315(1)(c), C.R.S.2009.

### B.  Representing Others in Court Proceedings

█  The Constitution of the State of Colorado guarantees to every person the right of access to courts of justice. Colo. Const. art. II, § 6; *see also Bd. of County Comm'rs v. Howard,* 640 P.2d 1128, 1129 (Colo.1982). In Colorado, that guarantee allows persons to represent their own interests in legal proceedings. *See, e.g., Denver Bar Ass'n v. Pub. Utils. Comm'n,* 154 Colo. 273, 281, 391 P.2d 467, 472 (1964) ("a natural person may appear in his own behalf and represent himself, notwithstanding he may not be a lawyer").

█  However, no one is permitted to "commence, conduct, or defend any action, suit, or plaint in which he is not a party concerned in any court of record within this state ... without having previously obtained a license for that purpose from the supreme court." § 12–5–101, C.R.S.2009; *see also People ex rel. Meyer v. LaPorte Church of Christ,* 830 P.2d 1150, 1152 (Colo.App.1992) (nonlawyer pastor's representing his church was prohibited under section 12–5–101). "[O]ne who acts in a representative capacity in protecting, enforcing, or defending the legal rights and duties of another and in counselling, advising and assisting him in connection with these rights and duties is engaged in the practice of law." *Denver Bar Ass'n,* 154 Colo. at 279, 391 P.2d at 471; *accord In re Boyer,* 988 P.2d 625, 626–27 (Colo.1999); *see also* § 12–5–112, C.R.S.2009 (it is contempt of court for anyone not li-

censed to appear "in any court of record in this state to conduct a suit, action, proceeding, or cause for another person"); *Watt, Tieder, Killian & Hoffar v. U.S. Fidelity & Guar. Co.,* 847 P.2d 170, 172 (Colo.App.1992) (same); *see also Drake v. Superior Court,* 21 Cal.App.4th 1826, 26 Cal.Rptr.2d 829, 831 (1994) ("By definition, one cannot appear in 'propria' persona for another person.").

■ A person engages in practicing law when, among other things, he or she offers legal advice about a specific case, drafts or selects legal pleadings for another's use in a judicial proceeding without being supervised by an attorney, or holds oneself out as representing another in a legal action. *People v. Shell,* 148 P.3d 162, 171 (Colo.2006).

## IV. Analysis

The Protective Proceedings Act makes conservators and guardians "legal representatives," § 15–14–102(2), (4), (6), grants guardians the power to "commence and maintain an action for dissolution of marriage on behalf of the ward," § 15–14–315.5(1), and grants conservators the power to "[p]rosecute or defend actions, claims, or proceedings" to protect the protected persons assets, § 15–15–14–425(2)(x). When they exercise those powers, they do so concerning the ward's or protected person's rights and obligations in their representative capacities, not with regard to rights and obligations in their personal capacities. The Act does not explicitly state that guardians and conservators may provide legal advice or counsel, act pro se, or, notwithstanding section 12–5–101, draft legal pleadings or appear in court to conduct a lawsuit in which he or she is not a party.

Here, Conservators are not licensed attorneys. In filing the notice of appeal with this court, Conservators, who admittedly held themselves out as wife's representatives, filed legal documents and acted on her behalf, actions that constitute practicing law. *See* § 12–5–101; *Boyer,* 988 P.2d at 626–27; *Denver Bar Ass'n,* 154 Colo. at 279, 391 P.2d at 471.

Absent an explicit grant of power authorizing guardians and conservators to represent wife in court proceedings without an attorney, interpreting the Protective Proceedings Act to allow them to do so would conflict with the supreme court's exclusive authority to regulate the practice of law under section 12–5–101, *see Shell,* 148 P.3d at 170, and could invite abuse. *See In re Marriage of Bisque,* 31 P.3d 175, 178 (Colo.App.2001) (when statutes potentially conflict, a court should adopt a construction that harmonizes provisions rather than creating an inconsistency or conflict); *see also Mann v. Boatright,* 477 F.3d 1140, 1150 (10th Cir.2007) (representation by nonlawyers is not in incompetents' interests because where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected).

■ Accordingly, we conclude that a nonlawyer conservator or guardian in Colorado is a statutory legal representative only, the same as a representative payee, a trustee or custodian of a trust or custodianship, or an agent designated under a power of attorney. *See* § 15–14–102(6). Therefore, the powers granted conservators under section 15–14–425(2)(x) and guardians under sections 15–14–315(1)(c) and 15–14–315.5(1) do not establish an exception to section 12–5–101 regarding the practice of law even though the conservator or guardian is suing or defending for a ward or protected person pursuant to C.R.C.P. 17(c).

Because C.R.C.P. 17(c) is similar to Fed. R.Civ.P. 17(c), we find support for this conclusion in *Berrios v. New York City Housing Authority,* 564 F.3d 130, 134 (2d Cir.2009). *See Benton v. Adams,* 56 P.3d 81, 86 (Colo. 2002) ("When a Colorado Rule is similar to a Federal Rule of Civil Procedure, we may look to federal authority for guidance in construing the Colorado rule."). Relying on Fed.R.Civ.P. 17(c)(1), the *Berrios* court determined that it could not reach the merits of an incompetent person's claim if that person was not represented by a general guardian, committee, conservator, or similar fiduciary. 564 F.3d at 134. However, the court further concluded that the federal statutory principle that a nonlawyer is not authorized to represent another individual in court litigation without the assistance of counsel is not altered because an incompetent person must be represented by a next friend, guardian ad

litem, or other fiduciary. *Id.* In summary, the court stated, "If the representative of the ... incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation. '[W]ithout ... counsel, the case will not go forward at all.'" *Id.* (quoting *Wenger v. Canastota Central School Dist.*, 146 F.3d 123, 125 (2d Cir.1998)).

This conclusion comports with similar Colorado decisions in which a nonlawyer is prohibited from representing other individuals' or entities' rights. *See Shell*, 148 P.3d at 171 (nonlawyer advocate may not represent parents in dependency and neglect proceedings).

It is also consistent with out-of-state decisions prohibiting a conservator, executor, or personal representative who is unlicensed to practice law from appearing pro se for the estate on matters outside the probate proceeding. *See City of Downey v. Johnson*, 263 Cal.App.2d 775, 69 Cal.Rptr. 830, 834 (1968) (nonlawyer representing his mother's estate as conservator and executor cannot appear in propria persona for the estate); *see also Hansen v. Hansen*, 114 Cal.App.4th 618, 7 Cal.Rptr.3d 688, 691 (2003) (confirming principle applied to unlicensed conservator in *City of Downey* by holding that nonlawyer representing her mother's estate as personal representative cannot appear in propria persona for the estate outside the probate proceedings).

Thus, we conclude that because Conservators are not licensed attorneys, they cannot represent wife in court proceedings without an attorney.

Conservators' opening brief is stricken and the appeal is stayed for sixty days from this opinion's date to allow them to obtain an attorney. If counsel for Conservators does not enter an appearance within that time, the appeal shall be dismissed with prejudice and without further notice. If counsel enters an appearance within that time, a new briefing schedule will be ordered.

Judge DAILEY and Judge CARPARELLI concur.